J. Armstrong Coates and Elizabeth Coates, his Wife *vs.* John A. Mackey, Administrator of John Mackey. John A. Mackey, Administrator of John Mackey *vs.* J. Armstrong Coates and Elizabeth Coates, his Wife.

*Extent in Maryland of Judgment recovered in Pennsylvania— Judgment in Pennsylvania against an Administrator— Action on such Judgment in this State—Appeal.*

A judgment recovered in Pennsylvania, can have no greater or larger extent or force in this State, than it is entitled to in the State where it was recovered.

A judgment recovered in Pennsylvania against an administrator, is not evidence of assets in his hands, belonging to the estate of his intestate.

On a judgment recovered in Pennsylvania, against a party in his representative character as administrator, there can be no recovery in this State against such administrator personally.

No appeal can be taken from a judgment by a party in whose favor it was rendered.

Cross-Appeals from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court.

The cause was submitted on the re-argument, to Bartol, C. J., Grason, Miller, Alvey, Irving, Ritchie and Magruder, J.

*Albert Constable,* for Coates and wife.

*Alexander Evans,* for Mackey.

GRASON, J., delivered the opinion of the Court.

These are cross-appeals—the first taken by Coates and wife, the plaintiffs below, and the second by John A. Mackey, administrator of John Mackey, who was defendant. The first appeal involves the correctness of the ruling of the Court below, on the demurrer of the plaintiffs to the thirteenth plea, and the second involves the correctness of the ruling in sustaining the demurrer, to the tenth and fourteenth pleas.

It appears from the record, that John A. Mackey took out letters of administration on the personal estate of John Mackey, in Chester County, in the State of Pennsylvania, and that the said John A. Mackey, and Arthur A. Mackey took out letters also upon the personal estate of the deceased in Cecil County, in this State. Coates and wife, the plaintiffs, recovered a judgment against John A. Mackey, the administrator in Pennsylvania, and then brought this suit against John A. Mackey, as administrator in this State, on the judgment so recovered in Pennsylvania. John A. Mackey appeared to the suit and filed fifteen pleas. Issue was joined on the first plea, as also on the special replications filed to the fifth, sixth, seventh, twelfth and fifteenth pleas, and demurrers to all the other pleas, and the twelfth plea was withdrawn, and the demurrers were sustained as to all the pleas to which they were filed except the thirteenth, and was overruled as to it. The case was tried before the Court, without a jury, upon the issues joined, and the findings and judgment of the Court were in favor of the defendant, and both parties appealed. The case was submitted on briefs, at the April Term, 1880, of this Court, and resulted in the judgment being reversed in June, 1880. Upon a motion for a re-argument filed by the administrator, John A. Mackey, the case was ordered to be re-argued upon notes, which have been filed, and the case has again received our careful consideration. The only question, which we deem it neces-

sary to decide, is that which is raised by the plaintiffs' demurrer to the thirteenth plea. This plea alleges, that John A. Mackey, administrator of John Mackey in Pennsylvania, is not personally liable on the judgment recovered against him by the plaintiffs, in the Court of Common Pleas, in Chester County, in the State of Pennsylvania, on which this suit is brought, of his own goods and chattels, nor amenable, answerable or chargeable in this State, in manner and form as the plaintiffs have declared against him ; nor in Pennsylvania, except *de bonis intestatoris ;* that is to say, of the goods and chattels of the intestate John Mackey, deceased, there administered upon and under the authority of the tribunals of said State, to which he is alone responsible concerning his said administration, and that he is and was in nowise answerable or liable in said State of Pennsylvania, *de bonis propriis,* or of his own estate, goods or chattels, at the time of bringing this suit, or at the time of the rendering of said supposed judgment, on which this suit is founded, or since ; and that by the laws of Pennsylvania, and by the Act of the Legislature of that State, of February 24th, 1834, passed before the bringing of the suit upon which the said supposed judgment was founded, and then and still in force and unrepealed, and entitled "an Act relating to executors and administrators," it is provided that the "omission of any executor or administrator to plead to any action, brought against him in his representative character, that he has fully administered the estate of the decedent, or any other matter relative to the assets, shall not be deemed an admission of assets to satisfy the demand made in said action ; also the omission of the plaintiff to reply to any such matters when pleaded, shall not be deemed an admission of the want of assets as aforesaid ; nor shall such omission otherwise prejudice either party, and no mispleading or lack of pleading by executors or administrators, shall make them liable to pay any

debt or damages recovered against them in their repre-
sentative character, beyond the amount of assets, which
in fact have come, or may come into their hands."

The demurrer admits such to be the law of the State of
Pennsylvania, at the time the suit was brought in that
State, and the judgment recovered, on which the present
suit was brought, and the whole amount of which judg-
ment is attempted to be recovered against John A. Mackey,
the administrator in this State.    The judgment sued on
can have no greater or larger extent or force in this State
than it is entitled to in the State where it was recovered,
and in that State, under the provisions of the Act pleaded,
which we have quoted, this judgment, whatever may have
been the pleadings or lack or omission of pleading, did
not charge the administrator personally, but affected only
the assets in his hands belonging to the estate of his in-
testate.    Nor did the recovery of the judgment furnish
any evidence that there were such assets in his hands,
the Court of Common Pleas of Chester County, in the
State of Pennsylvania, being wholly without jurisdiction
to decide whether there were or were not any assets in his
hands.    In that State the Orphans' Court alone has such
jurisdiction to ascertain and decide such questions.    This
seems to be clear from an examination of the various pro-
visions of the Act of 1834, No. 52, before referred to, and
from the decisions of the Supreme Court of Pennsylva-
nia.    In *Whiteside vs. Whiteside*, 8 *Harris*, 473, Chief
Justice BLACK, speaking for the Court, said, "The exclu-
siveness of its jurisdiction, and the conclusiveness of its
(the Orphans' Court) decisions, have been placed by the
Acts of Assembly and the decisions of this Court, upon a
foundation which cannot be shaken.    If there be any-
thing besides death, which is not to be doubted, it is that
the Orphans' Court *alone* has authority to ascertain the
amount of a decedent's property, and order its distribu-
tion among those entitled to it."    Again, in *VanDyke's*

*Appeal,* 10 *Smith,* 487, Chief Justice SHARSWOOD, in delivering the opinion of the Court, said, "It is also the settled doctrine that the jurisdiction of the Orphans' Court within its appointed orbit, is *exclusive.* * * * That Court has jurisdiction in all cases wherein executors may be possessed of, or in any way accountable for any real or personal estate of a decedent." And in *Bard's Executors vs. McGregor's Administrators,* 2 *Grant,* 365, the Supreme Court of Pennsylvania said, "According to the construction given to the several Acts of Assembly relative to the estates of decedents, a judgment in a common law action against an executor or administrator, is only a judgment against the estate of the decedent. It does not bind the executor or administrator personally, although he may have omitted to plead that he had fully administered; such a plea, if put in, is now never tried in a common law action."

This being the law of Pennsylvania under which the judgment now sued on was recovered, the same law must be applied to it in this State when it is sought to be enforced against the administrator personally ; and as there is nothing in the record to show that the Orphans' Court of Chester County, in the State of Pennsylania, has ever ascertained or determined that there were any assets of John Mackey, deceased, in the hands of John A. Mackey, his administrator in that State, the thirteenth plea is a complete bar to a recovery against him in this suit, and the judgment appealed from will, therefore, be affirmed on the plaintiffs' appeal.

The defendant's appeal must be dismissed. The judgment having been rendered in his favor, he cannot appeal therefrom.

*Judgment affirmed.*
*Defendant's appeal dismissed.*

(Decided 29th June, 1881.)