## HANLEY & Another *v.* DONOGHUE.

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

Argued November 18, 19, 1885.—Decided December 14, 1885.

Under art. 4, sec. 1, of the Constitution, and § 905 of the Revised Statutes, a judgment recovered in one State against two joint defendants, one of whom has been duly summoned and the other has not, and which is valid and enforceable by the law of that State against the former alone, will support an action against him in another State.

This court, upon writ of error to the highest court of a State, does not take judicial notice of the law of another State, not proved in that court and made part of the record sent up, unless by the local law that court takes judicial notice of it.

In an action brought in one State upon a judgment recovered against the defendant jointly with another person in another State, an averment that the judgment, by the law of the State in which it was rendered, is valid and enforceable against this defendant and void against the other person is an allegation of fact, which is admitted by demurrer.

This was an action brought by Michael Hanley and William F. Welch against Charles Donoghue in the Circuit Court for Baltimore County, in the State of Maryland, upon a judgment for $2000, recovered by the plaintiffs on June 4, 1877, in an action of covenant against the defendant, Charles Donoghue, together with one John Donoghue, in the Court of Common

Pleas of Washington County in the State of Pennsylvania, and there recorded.

The declaration contained three counts. The first count set forth the recovery and record of the judgment as aforesaid in said Court of Common Pleas, and alleged that it was still in force and unreversed. The second count contained similar allegations, and also alleged that in the former action Charles Donoghue was summoned, and property of John Donoghue was attached by process of foreign attachment, but he was never summoned and never appeared, and that the proceedings in that action were duly recorded in that court. The third count repeated the allegations of the second count, and further alleged that "by the law and practice of Pennsylvania the judgment so rendered against the two defendants aforesaid is in that State valid and enforceable against Charles Donoghue and void as against John Donoghue," and that "by the law of Pennsylvania any appeal from the judgment so rendered to the Supreme Court of Pennsylvania (which is the only court having jurisdiction of appeals from the said Court of Common Pleas) is required to be made within two years of the rendition of the judgment, nevertheless no appeal has ever been taken from the judgment so rendered against the said defendants, or either of them."

The defendant filed a general demurrer to each and all of the counts, which was sustained, and a general judgment rendered for him. Upon appeal by the plaintiffs to the Court of Appeals of the State of Maryland, the judgment was affirmed. 59 Maryland, 239. The plaintiffs thereupon sued out this writ of error, on the ground that the decision was against a right and privilege set up and claimed by them under the Constitution and laws of the United States.

*Mr. Frederick J. Brown* for plaintiff in error.

*Mr. Edward C. Eichelberger* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court. After stating the facts in the language reported above, he continued:

The question presented by this writ of error is whether the

judgment of the Court of Appeals of the State of Maryland has denied to the plaintiffs a right and privilege to which they are entitled under the first section of the fourth article of the Constitution of the United States, which declares that "full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State; and the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved and the effect thereof;" and under § 905 of the Revised Statutes, which re-ënacts the act of May 26, 1790, ch. 11, 1 Stat. 122, and prescribes the manner in which the records and judicial proceedings of the courts of any State shall be authenticated and proved, and enacts that "the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

By the settled construction of these provisions of the Constitution and statutes of the United States, a judgment of a State court, in a cause within its jurisdiction, and against a defendant lawfully summoned, or against lawfully attached property of an absent defendant, is entitled to as much force and effect against the person summoned or the property attached, when the question is presented for decision in a court of another State, as it has in the State in which it was rendered. *Maxwell* v. *Stewart*, 22 Wall. 77; *Insurance Co.* v. *Harris*, 97 U. S. 331; *Green* v. *Van Buskirk*, 7 Wall. 139; *Cooper* v. *Reynolds*, 10 Wall. 308. And it is within the power of the legislature of a State to enact that judgments which shall be rendered in its courts in actions against joint defendants, one of whom has not been duly served with process, shall be valid as to those who have been so served, or who have appeared in the action. *Mason* v. *Eldred*, 6 Wall. 231; *Eldred* v. *Bank*, 17 Wall. 545; *Hall* v. *Lanning*, 91 U. S. 160, 168; *Sawin* v. *Kenney*, 93 U. S. 289.

Much of the argument at the bar was devoted to the discussion of questions which the view that we take of this case renders it unnecessary to consider; such as the proper manner

of impeaching or avoiding judgments in the State in which they are rendered, for want of due service of process upon one or all of the defendants; or the effect which a judgment rendered in one State against two joint defendants, one of whom has been duly summoned and the other has not, should be allowed against the former in the courts of another State, without allegation or proof of the effect which such a judgment has against him by the law of the first State.

No court is to be charged with the knowledge of foreign laws; but they are well understood to be facts, which must, like other facts, be proved before they can be received in a court of justice. *Talbot* v. *Seeman*, 1 Cranch, 1, 38; *Church* v. *Hubbart*, 2 Cranch, 187, 236; *Strother* v. *Lucas*, 6 Pet. 763, 768; *Dainese* v. *Hale*, 91 U. S. 13, 20. It is equally well settled that the several States of the Union are to be considered as in this respect foreign to each other, and that the courts of one State are not presumed to know, and therefore not bound to take judicial notice of, the laws of another State. In *Buckner* v. *Finley*, 2 Pet. 586, in which it was held that bills of exchange drawn in one of the States on persons living in another were foreign bills, it was said by Mr. Justice Washington, delivering the unanimous opinion of this court: "For all national purposes embraced by the Federal Constitution, the States and the citizens thereof are one, united under the same sovereign authority, and governed by the same laws. In all other respects, the States are necessarily foreign to and independent of each other. Their constitutions and forms of government being, although republican, altogether different, as are their laws and institutions." 2 Pet. 590.

Judgments recovered in one State of the Union, when proved in the courts of another, differ from judgments recovered in a foreign country in no other respect than that of not being re-examinable upon the merits, nor impeachable for fraud in obtaining them, if rendered by a court having jurisdiction of the cause and of the parties. *Buckner* v. *Finley*, 2 Pet. 592; *M'Elmoyle* v. *Cohen*, 13 Pet. 312, 324; *D'Arcy* v. *Ketchum*, 11 How. 165, 176; *Christmas* v. *Russell*, 5 Wall. 290, 305; *Thompson* v. *Whitman*, 18 Wall. 457.

Opinion of the Court.

Congress, in the execution of the power conferred upon it by the Constitution, having prescribed the mode of attestation of records of the courts of one State to entitle them to be proved in the courts of another State, and having enacted that records so authenticated shall have such faith and credit in every court within the United States as they have by law or usage in the State from which they are taken, a record of a judgment so authenticated doubtless proves itself without further evidence ; and if it appears upon its face to be a record of a court of general jurisdiction, the jurisdiction of the court over the cause and the parties is to be presumed unless disproved by extrinsic evidence or by the record itself. *Knowles* v. *Gaslight & Coke Co.*, 19 Wall. 58 ; *Settlemier* v. *Sullivan*, 97 U. S. 444. But Congress has not undertaken to prescribe in what manner the effect that such judgments have in the courts of the State in which they are rendered shall be ascertained, and has left that to be regulated by the general rules of pleading and evidence applicable to the subject.

Upon principle, therefore, and according to the great preponderance of authority, (as is shown by the cases collected in the margin,*) whenever it becomes necessary for a court of one State, in order to give full faith and credit to a judgment rendered in another State, to ascertain the effect which it has in that State, the law of that State must be proved, like any other matter of fact. The opposing decisions in *Ohio* v. *Hinchman*, 27 Penn. St. 479, and *Paine* v. *Schenectady Ins. Co.*, 11 R. I. 411, are based upon the misapprehension that this court, on a writ of error to review a decision of the highest court of one State upon the faith and credit to be allowed to a judgment rendered in another State, always takes notice of

---

* *Scott* v. *Coleman*, 5 Littell, 349 ; *Thomas* v. *Robinson*, 3 Wend. 267 ; *Shelden* v. *Hopkins*, 7 Wend. 435 ; *Van Buskirk* v. *Mulock*, 3 Harrison (N. J.) 184 ; *Elliott* v. *Ray*, 2 Blackford, 31 ; *Cone* v. *Cotton*, 2 Blackford, 82 ; *Snyder* v. *Snyder*, 25 Indiana, 399 ; *Pelton* v. *Platner*, 13 Ohio, 209 ; *Horton* v. *Critchfield*, 18 Illinois, 133 ; *Rape* v. *Heaton*, 9 Wisconsin, 328 ; *Crafts* v. *Clark*, 31 Iowa, 77 ; *Taylor* v. *Barron*, 10 Foster, 78, and 35 N. H. 484 ; *Knapp* v. *Abell*, 10 Allen, 485 ; *Mowry* v. *Chase*, 100 Mass. 79 ; *Wright* v. *Andrews*, 130 Mass. 149 ; *Bank of United States* v. *Merchants' Bank*, 7 Gill, 415, 431 ; *Coates* v. *Mackey*, 56 Maryland, 416, 419.

the laws of the latter State; and upon the consequent misapplication of the postulate that one rule must prevail in the court of original jurisdiction and in the court of last resort.

When exercising an original jurisdiction under the Constitution and laws of the United States, this court, as well as every other court of the National Government, doubtless takes notice, without proof, of the laws of each of the United States.

But in this court, exercising an appellate jurisdiction, whatever was matter of law in the court appealed from is matter of law here, and whatever was matter of fact in the court appealed from is matter of fact here.

In the exercise of its general appellate jurisdiction from a lower court of the United States, this court takes judicial notice of the laws of every State of the Union, because those laws are known to the court below as laws alone, needing no averment or proof. *Course* v. *Stead*, 4 Dall. 22, 27, note; *Hinde* v. *Vattier*, 5 Pet. 398; *Owings* v. *Hull*, 9 Pet. 607, 625; *United States* v. *Turner*, 11 How. 663, 668; *Pennington* v. *Gibson*, 16 How. 65; *Covington Drawbridge Co.* v. *Shepherd*, 20 How. 227, 230; *Cheever* v. *Wilson*, 9 Wall. 108; *Junction Railroad Co.* v. *Bank of Ashland*, 12 Wall. 226, 230; *Lamar* v. *Micou*, 114 U. S. 218.

But on a writ of error to the highest court of a State, in which the revisory power of this court is limited to determining whether a question of law depending upon the Constitution, laws or treaties of the United States has been erroneously decided by the State court upon the facts before it—while the law of that State, being known to its courts as law, is of course within the judicial notice of this court at the hearing on error —yet, as in the State court the laws of another State are but facts, requiring to be proved in order to be considered, this court does not take judicial notice of them, unless made part of the record sent up, as in *Green* v. *Van Buskirk*, 7 Wall. 139. The case comes, in principle, within the rule laid down long ago by Chief Justice Marshall: " That the laws of a foreign nation, designed only for the direction of its own affairs, are not to be noticed by the courts of other countries, unless proved as facts, and that this court, with respect to facts, is limited to

the statement made in the court below, cannot be questioned." *Talbot* v. *Seeman*, 1 Cranch, 1, 38.

Where by the local law of a State, (as in Tennessee, *Hobbs* v. *Memphis & Charleston Railroad*, 9 Heiskell, 873), its highest court takes judicial notice of the laws of other States, this court also, on writ of error, might take judicial notice of them. But such is not the case in Maryland, where the Court of Appeals has not only affirmed the general rule that foreign laws are facts, which, like other facts, must be proved before they can be received in evidence in courts of justice; but has held that the effect which a judgment rendered in another State has by the law of that State is a matter of fact, not to be judicially noticed without allegation and proof; and consequently that an allegation of the effect which such a judgment has by law in that State is admitted by demurrer. *Baptiste* v. *De Volunbrun*, 5 Har. & Johns. 86, 98; *Wernwag* v. *Pawling*, 5 Gill & Johns. 500, 508; *Bank of United States* v. *Merchants' Bank*, 7 Gill, 415, 431; *Coates* v. *Mackey*, 56 Maryland, 416, 419.

From these considerations, it follows that the averment, in the third count of the declaration, that by the law of Pennsylvania the judgment rendered in that State against Charles Donoghue and John Donoghue was valid and enforceable against Charles, who had been served with process in that State, and void against John, who had not been so served, must be considered, both in the courts of Maryland, and in this court on writ of error to one of those courts, an allegation of fact, admitted by the demurrer.

Upon the record before us, therefore, the plaintiff appears to be entitled, under the Constitution and laws of the United States, to judgment on this count. It having been admitted at the bar that the other counts are for the same cause of action, it is unnecessary to consider them. The general judgment for the defendant is erroneous, and the rights of both parties will be secured by ordering, in the usual form, that the *Judgment of the Court of Appeals of Maryland be reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion.*