ALLGAIR v. WILLIAM F. FISHER & CO.

(Circuit Court of Appeals, Third Circuit.    February 28, 1906.)

No. 49.

1. BANKRUPTCY—REVIEW OF ORDER OF REFEREE—JURISDICTION OF COURT.
    Where, pending action by a district court on a petition to review an
order of a referee, a preliminary order was made by consent of all
parties in interest, permitting certain creditors to also become peti-
tioners, the jurisdiction of the court to set aside the order of the referee
cannot be questioned on the ground that the original petitioner had no
standing to make the application for review.
    [Ed. Note.—Appeal and review in bankruptcy cases, see note to In
re Eggert, 43 C. C. A. 9.]

2. SAME—ORDER AUTHORIZING PRIVATE SALE OF PROPERTY—NECESSITY OF NO-
TICE.
    Where the time fixed in an order by a referee authorizing a private
sale of the property of a bankrupt at a specified upset price had ex-
pired without a sale having been made, notice to creditors and others

Interested was essential before the making of a new order of sale, and such an order, and a further order confirming a private sale made thereunder, both made without notice, will be set aside at the instance of creditors, and especially where the price obtained was materially less that the minimum price fixed by the first order of which they had notice.

Appeal from the District Court of the United States District of New Jersey.

See 135 Fed. 223.

George E. Selzer, for appellant.

Robert Adair, for trustee.

J. H. Brinton and Warren E. Schenck, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The jurisdiction vested in this court by section 24b, Bankr. Act 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], has been invoked by the petition of Joseph Allgair, wherein it is prayed that the proceedings of the District Court for the District of New Jersey, respecting a certain order in the matter of the bankruptcy of William F. Fisher & Co. (a corporation), shall be revised in matter of law. The order referred to is one by which a sale of the property and plant of the bankrupt, made by the trustees to the said Joseph Allgair, and the orders of the referee relating to and confirming that sale, were vacated and set aside. It is contended that the District Court was without jurisdiction to make the order, but we cannot assent to this contention.

The only fact asserted by the petitioner, which it would be possible to regard as a jurisdictional one, is that Medora Fisher, who applied for the order complained of, was not a creditor, and it is argued that, therefore, she had no standing to make the application. Her claim, however, had been filed with the referee, and, although it had not been either allowed or disallowed by him, we are not prepared to say that she, if not "a bankrupt creditor," was not at least such "other person" as, under General Order 27 (89 Fed. xi, 32 C. C. A. xxvii), is entitled to petition for "a review by the judge of any order made by the referee." But it is unnecessary to determine this point; for about three weeks prior to the date of the order complained of, a preliminary one was made, to the effect that the petition of certain "other creditors" should also be considered, "so that they, as well as the said Medora Fisher, shall be before the judge of this court on said referee's certificate, as petitioners for the review of the aforesaid orders of said referee." This preliminary order was consented to by the respective counsel of all the parties in interest, and it was intended to and did eliminate from the case as it stood in the District court any question as to whether the action of the Judge had been rightfully solicited; and consequently, no such question could be legitimately raised in this court. "Whatever was matter of law in the court appealed from is matter of law here, and whatever was matter of fact in the court appealed from is matter of fact here." Hanley v. Donoghue, 116 U. S. 6, 6 Sup. Ct. 245 (29 L. Ed. 535).

The order setting aside the sale properly provided for the refunding to Mr. Allgair of any sum to which he might be entitled "for disbursements made by him on account of or by reason of his said purchase, and also for moneys actually expended by him in making improvements;" and that it was not (in view of this provision) in any respect erroneous, our independent examination of the record has entirely satisfied us. It was, we think, amply vindicated by the opinion of the learned judge who made it, and upon that opinion (which, as it has not been reported, we copy at length) we are content to rest our decision.

"Application is made to review certain orders made by the referee relative to the sale of the property of the bankrupt, and particularly to set aside an order confirming a private sale of such property made by the trustees and a deed therefor made to the purchaser. The first order of the referee, dated December 24, 1904, in brief authorized the trustees to sell the property of the bankrupt at an upset price of $65,000, at private sale, within 30 days, and if such private sale could not be effected within that time, then that the same should be sold at public auction. Prior to the granting of this order the order showed that ten days' notice was given by mail to the creditors of the bankrupt, and also by publication in a newspaper at New Brunswick, and designated by the court for that purpose. The second order of the referee in the premises was dated March 11, 1905, and by it the referee, deeming it for the best intents of the bankrupt's estate, extended the time of making a private sale for 20 days. By an order bearing date May 24, 1905, the referee directed the trustees to sell and dispose of the property in manner directed by orders theretofore made by him, and that they might expose said property for sale as a whole or in parcels for such sum or sums as would amount in the aggregate to not less than $50,000. By a further order, bearing date June 1, 1905, the referee approved of a private sale made by the trustees for the sum of $55,000, and authorized them to execute a deed therefor to the purchaser, one Joseph Allgair, for said sum. And by another order, bearing date June 15, 1905, the referee modified his order of June 1, 1905, approving of said sale, so as to permit the sale of the property subject to two mortgages on the same, held by the National Bank of New Jersey and William Rowland, respectively. The orders, as above set forth, were all made upon petitions to the referee by the trustees, and the order permitting the trustees to sell at private sale was made after several ineffectual efforts by them to sell the same at public sale at an upset price of $65,000. On the last occasion when the property was offered at public sale, no bid having been received therefor, the sale was adjourned without day. No notice appears to have been given to the creditors or lienors of any of the orders made, except the first, and notice of that order was given only as above stated.

"There is nothing in the case whatever to show any fraud or collusion on the part of the trustees; so far as appears, they desired and sincerely and earnestly endeavored to obtain all that could be obtained for the property. In view of the circumstances above disclosed, however, and particularly in view of the fact that the time for a private sale of the property under the original order and the order extending the same had expired before the property was exposed at public sale, and in view of the fact that the public sale was adjourned indefinitely, without any notice or intimation that the property would not again be offered at public sale, I think the creditors and possible purchasers were misled, and that the private sale subsequently ordered, without notice of any kind, at a price $15,000 less than the upset price for the public sale, was a surprise to the creditors and the public, and that such procedure unintentionally wrought injustice to the creditors. So wide a departure in policy from that originally adopted should not have been undertaken without notice to the lienors and general creditors of the bankrupt.

"The orders of the referee of December 24, 1904, and March 11, 1905, had practically expired by the failure of the trustees to make sale of the property, pursuant to the terms thereof, either at private or public sale, and their inability to make sale thereunder was disclosed, and the public sale had been adjourned without day; I think the referee's power in the matter was for the time exhausted, and that he should then have given a new notice to the creditors and lienors. I deem such notice not only proper, but essential, under the circumstances, and hence that the orders dated May 24, 1905, June 1, 1905, and June 15, 1905, were unwarranted, and should be set aside. Orders made under the circumstances that these three orders were are plainly within the spirit of No. 23 of General Orders in Bankruptcy (89 Fed. xi, 32 C. C. A. xxvi). The language of that order is exceedingly broad, and indicates a well-defined policy to be pursued by referees. See, also, in re Potelkow (D. C.) 92 Fed. 901; also in re Saxton Furnace Co. (D. C.) 136 Fed. 697. Furthermore, the Sayre & Fisher Company, a creditor of the bankrupt, has filed a petition and a supplemental petition setting forth therein its willingness, in case the sale of the property already made is set aside, and the property is again exposed at public sale, to bid the sum of $60,000 therefor, and to deposit with the clerk of this court, as an evidence of its good faith in the matter, a certified check for $60,000; and further agreeing, in case it shall become the purchaser of the property at a resale, to repay to Allgair, the purchaser at the private sale, such amount as he may have actually expended for improvements upon said plant since he became the purchaser thereof. A considerable number of the other creditors of the bankrupt have likewise petitioned to have the sale set aside.

"I will therefore sign an order setting aside the three orders of the referee, bearing date May 24, 1905, June 1, 1905, and June 15, 1905, respectively, together with the sale made thereunder, and directing Allgair, the purchaser, to reconvey the property to the trustees upon their returning to him the amount paid by him therefor, which they will also be directed to do; and further directing them to expose the property again at public sale to the highest bidder, at an upset price of $60,000, after notice given by them to the creditors, lienors and all parties interested, and further directing the clerk of this court to hold the certified check above referred to undeposited, to await the result of such resale and the further order of this court."

The order to which this petition for review relates is affirmed, with direction for such further proceedings in connection therewith as may be requisite or proper and accordant with law.