### In re WYLIE et al.

(Circuit Court of Appeals, Third Circuit. April 29, 1907.)

#### No. 19.

BANKRUPTCY—RESALE OF PROPERTY—RIGHTS OF PURCHASER.

> A sale of property by a trustee in bankruptcy was set aside by an order directing a resale of the property "free and discharged of and from all incumbrances," and requiring the petitioner to give security to bid an advanced price offered, and, in addition, such sum as might be awarded to the prior purchaser. Pending an appeal from such order the court vacated a prior order staying execution on a decree of foreclosure previously entered in a state court, but requiring the petitioner, with its consent, to make a similar bid at the foreclosure sale. It became the purchaser at such sale at a price largely in excess of that which it had undertaken to bid. *Held*, that it was entitled to the property free of incumbrance, the same as though the sale had been made by the bankruptcy court; and that the amount awarded to the former purchaser, and the costs in connection therewith, as well as the accumulated taxes on the property, should be paid by the trustees from the proceeds of the sale.

Appeal from the District Court of the United States for the District of New Jersey.

Robert Adrain, for appellants.

George S. Silzer, for Joseph Allgair.

J. Hill Brinton, for Sayre & Fisher Co.

Before DALLAS, GRAY, and BUFFINGTON Circuit Judges.

DALLAS, Circuit Judge. When this matter was before us upon the petition of Joseph Allgair for annulment of an order of the District Court, dated July 24, 1905, setting aside a sale of the property of the bankrupt which had been made by the trustees to said Allgair, that order was affirmed, with direction for further proceedings in connection therewith; and if, in pursuance thereof, the trustees in bankruptcy had again sold the property, the questions now presented by their petition for revision could hardly have arisen. Allgair v. William F. Fisher & Co., 143 Fed. 962, 75 C. C. A. 148. The taxes in dispute would unquestionably have been for payment by the trustees; and it is quite clear, we think, that the sum to be paid to Allgair, and the costs incurred in determining its amount, would have been payable from the proceeds of the required bid of "not less than the sum of $60,000, and, in addition thereto, such sum" as might be awarded to Allgair.

But shortly after the making of the order of July 24, 1905, Joseph Allgair appeared in the District Court and (as explained by the learned judge of that court) "offered to place the property in the

possession of the bankrupt's trustees, on terms not necessary now to be stated, to be held by the trustees pending the appeal, which offer was accepted. There were at that time two mortgage incumbrances upon the bankrupt's property—the first for $24,000, with accrued interest, and the second, which had been foreclosed in the New Jersey court of chancery, and merged into a final decree, for something over $15,000. Sale under the execution issued upon this decree had long been stayed by this [the District] court. Feeling that the stay ought not to be continued during the pendency of the appeal above mentioned, an order vacating the stay was signed on August 14, 1905. As the making of this order rendered it possible for the complainant in the foreclosure case to sell the property under the execution issued in that case, and thereby defeat the purpose of the order of July 24, 1905, which was to secure a sale of the property for a larger sum than $55,000, another order, dated back to July 31, 1905, the terms of which were agreed to by the Sayre & Fisher Company, was made." The provisions of this latter order are sufficiently set forth in the opinion of the District Court, and need not be repeated. In re William F. Fisher & Co. (D. C.) 148 Fed. 907. Of its general purpose, and that of the agreement respecting it, we have no doubt. The manifest intention was to permit a sale under the foreclosure proceedings, at which the Sayre & Fisher Company was to bid in substantial accordance with the agreement it had made when a resale by the trustees was contemplated. Accordingly the foreclosure sale did take place, and, as was anticipated, the Sayre & Fisher Company became the purchaser. It paid for the property a larger sum than it had undertaken to pay, and the bankrupt's creditors have been correspondingly benefited. Its obligation to bid at least $60,000, and, in addition thereto, the sum due to Allgair was fully discharged, and, except by so bidding, it had not agreed to provide in any way for the Allgair claim, or to bear any costs in connection with it. So, too, as to the taxes. There was no agreement by the Sayre & Fisher Company to pay them, and the foreclosure sale, in its relation to the bankruptcy proceedings, was but a substitute for the resale which the order of July 24, 1905, had directed the trustees to make. Therefore, though the order of July 31, 1905, was silent on the subject, we think that the Sayre & Fisher Company, having redundantly performed its undertaking to bid, had a right to assume that, if it became the purchaser, it would take the property, as the order of July 24, 1905, had provided, "free and discharged of and from all incumbrances."

The order to which this petition for review relates is affirmed.