---

## In re BALCH'S ESTATE.

(Surrogate's Court, New York County. January 10, 1916.)

1. EVIDENCE ⬅️67—PRESUMPTION—INSANITY.
      Where a person was committed to an insane asylum, and was subsequently discharged by consent, without determining her sanity, it would be presumed that after her discharge there was a resumption of her former sanity, and that she was again sui juris.
      [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 87, 88, 103; Dec. Dig. ⬅️67.]

2. DOMICILE ⬅️4—CHANGE.
      Every person sui juris may choose his domicile, and change it whenever and wherever he chooses.
      [Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 5–23; Dec. Dig. ⬅️4.]

3. JUDGMENT ⬅️822—FULL FAITH AND CREDIT—CONSTITUTIONAL PROVISION.
      An adjudication by a California court of competent jurisdiction in a suit by one since deceased, brought while she was residing in California, that her last domicile was in California, was binding both on the Surrogate's Court and on the transfer tax appraiser under the full faith and credit clause of Const. U. S. art. 4, § 1.
      [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1454, 1488–1490, 1496–1500; Dec. Dig. ⬅️822.]

4. DOMICILE ⬅️10—CHANGE—SUFFICIENCY OF EVIDENCE.
      The fact that deceased was sui juris during her residence in California continuously for the last two years of her life, and that administration was granted upon her estate there, sufficiently established her domicile in that state at the time of her death, as very little evidence of intent to take up a new domicile is necessary in the case of an unmarried woman or a widow continuously residing in another place than her domicile of origin.
      [Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig. ⬅️10.]

Proceeding to determine the domicile of Georgia C. Balch at the time of her death. Decedent's domicile determined to be in California.

Fletcher, Sillcocks & Leahy, of New York City (Henry Sillcocks, of New York City, of counsel), for administratrix.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for State Comptroller.

FOWLER, S. This is a proceeding to have the question of decedent's domicile at the time of her death determined by the surrogate. An appraiser was appointed to appraise her estate in accordance with the provisions of the Transfer Tax Law (Consol. Laws, c. 60, §§ 220–

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

.245), and the question of decedent's domicile having been raised before him, certain affidavits were filed with him on behalf of the estate. Thereafter a stipulation was entered into between the administratrix of the estate and the attorney for the state comptroller to the effect that the issue of decedent's domicile should be submitted to the surrogate upon the record filed by the appraiser in this court.

It is conceded that immediately prior to the 27th of June, 1910, the decedent was domiciled in this state. On that day she was committed to an insane asylum by virtue of an order of a justice of the Supreme Court of this county. Subsequently, and on the 20th of March, 1911, she was discharged from such asylum, by virtue of an order entered in a habeas corpus proceeding to determine the question of her sanity. The question was not adjudicated by the court, as all the parties interested consented to her discharge. On the day after Mrs. Balch was discharged from the hospital she executed a deed of trust by which she transferred her personal property in this state to trustees, being residents of California, for the purpose of paying the income of said property to her during her life. The deed also provided for the disposition of the remainder after her death.

A short time after Mrs. Balch had executed the deed of trust she went to Los Angeles, Cal., where she rented an apartment and furnished it with the furniture which she had taken from the residence formerly occupied by her in this city. She stored part of her furniture in a warehouse in this city, and part of her jewelry she gave to her attorneys in this city for safe-keeping. She died at Los Angeles in September, 1913, having resided continuously in that city for more than two years immediately prior to her death.

Some time after she had begun to occupy the apartment in Los Angeles she commenced an action in the superior court of the county of Los Angeles to set aside the deed of trust executed by her on March 20, 1911, upon the ground that it was obtained by duress exercised upon her by one of the trustees, but she died intestate before the action came on for trial. An administrator of her estate was appointed by the superior court of Los Angeles county. The action to set aside the deed of trust was revived, and the complaint amended so as to allege, as an additional cause of action, that the decedent was mentally incompetent at the time she executed the deed of trust. The court, upon the trial of the action, found that the decedent died a resident of the state of California, and that she was at the time of the execution of the deed of trust, and for a long time prior thereto, of unsound mind and "entirely without understanding." Pursuant to the said judgment the trustees under the deed of trust turned over to the decedent's administrator in California the corpus of the trust fund. Subsequently an application was made to this court by the decedent's daughter for letters of administration upon her estate, and it is alleged in the petition for such letters that the decedent was a resident of this state.

These are the facts upon which the parties to the proceeding ask the court to determine the question of decedent's domicile at the time of her death. The stipulations in writing now cover essential facts, and the matter is ripe for adjudication.

[1] The first point raised is the capacity of Mrs. Balch to constitute a change of domicile from New York to California. It must be presumed, as Mrs. Balch was discharged from the asylum in New York and permitted to go at large, that after her discharge she was again sui juris. The presumption is in favor of a resumption of sanity under such circumstances. It is only when a diseased person is under actual control that the ordinary presumption of sanity ceases. While in California Mrs. Balch could vote at elections, if woman suffrage was then permitted. She was in California under no legal restraint, but was sui juris to all intents and purposes.

[2, 3] Now, this being so, the rule is that every person sui juris is free to choose his or her own domicile, and to change it whenever and wherever he or she chooses. There is no evidence whatever that Mrs. Balch was not sui juris while in California. In fact, what evidence there is, is that she was sui juris. It appears that Mrs. Balch went to California and there she resided almost continuously for two years and until her death, which occurred in California. While Mrs. Balch was residing in California the courts of that state entertained her suit to avoid her prior deed of trust, and in the course of that suit, which was revived after her death, an adjudication was made of her last domicile in California. This finding cannot be ignored in this jurisdiction.

The California judgment, thus rendered by a court of competent jurisdiction, is complete and final in this court and in every other court of the Union upon the last domicile of Mrs. Balch. The federal Constitution demands that "full faith and credit shall be given to such judgment." Article 4, § 1; Mills v. Duryee, 7 Cranch, 481, 3 L. Ed. 411. The judgment in California is binding on the appraiser designated by this court on the issue of domicile, as well as on the surrogate. Such judgment could not be impeached in this state even for fraud, and a fortiori it is not open to question upon the merits. Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535.

[4] It is not necessary to notice the subtle legal arguments in the briefs of counsel for the state and for the administratrix, if, as I think, the real solution of the issue of domicile depends on the effect to be given by me to the California judgment. But even if we ignore that judgment, as the comptroller would have us do, in so far as it adjudicates the last domicile of Mrs. Balch, then the fact that Mrs. Balch was sui juris while in California is otherwise established, as is the fact that she resided in California continuously for the last two years of her life. Very little evidence of intent to take up a new domicile is necessary in the case of an unmarried woman (or widow) who continuously resides in another place far from her domicile of origin. It is not controverted that Mrs. Balch actually resided in California for two years before her death. On her death the courts of California assumed to grant an administration of her estate, as in the case of other residents of California dying within their jurisdiction.

On all the evidence before me I find that the last domicile of Mrs. Balch was California. Proceed accordingly.