## O'DELL v. SOUTHERN RY. CO.

(District Court, W. D. South Carolina. December 19, 1917.)

1. NEGLIGENCE ☞136(1)—DIRECTION OF VERDICT—JURY QUESTION.
   Where there was evidence of defendant's negligence, the question was for the jury.

2. MASTER AND SERVANT ☞289(39)—CONTRIBUTORY NEGLIGENCE—JURY QUESTION—PROXIMATE CAUSE.
   Where there was evidence of negligence on the part of a railroad company, and under the laws of the state where the accident occurred the servant's contributory negligence would only reduce the recovery, a verdict cannot be directed for the company on the ground that the servant's own contributory negligence caused the accident, for the proximate cause of the accident is a jury question.

3. MASTER AND SERVANT ☞288(14)—ASSUMPTION OF RISK—JURY QUESTION.
   Where, before the accident, the injured servant complained of the defects, and was assured that they would be remedied, his recovery cannot be denied on the ground of assumption of risk; but it is a question for the jury whether a reasonable time to remedy the defects had elapsed before the injury.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. EVIDENCE ⊖≈29—JUDICIAL NOTICE—PUBLIC LAWS.
  The United States courts take judicial notice of the public laws of all
  the states of the Union.

5. STATUTES ⊖≈279—PLEADING—JUDICIAL NOTICE.
  In an action in the federal District Court for South Carolina for per-
  sonal injuries sustained in North Carolina, the court, in view of the
  South Carolina requirement that the complaint shall concisely state the
  facts giving rise to the cause of action, should apply to the facts averred
  the applicable North Carolina statutes, even though not specially pleaded,
  for it takes judicial notice of them.

6. NEW TRIAL ⊖≈171—PROCEEDINGS ON RETRIAL—AMENDMENTS OF PLEADING.
  Where, on the first trial of a personal injury action by a railroad em-
  ployé, the proof failed to show that he was engaged in interstate com-
  merce as alleged, so as to come within federal Employers' Liability Act
  (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657–8665]), and
  an amendment conforming the complaint to the proof was allowed, the
  employé, a new trial having been granted, should be allowed, the evi-
  dence then showing that he was engaged in interstate commerce, to amend
  his complaint so as to conform to the proof notwithstanding the railroad
  company traversed the allegation of the amended complaint that the em-
  ployé was engaged in interstate commerce.

7. COMMERCE ⊖≈27(8)—"INTERSTATE COMMERCE"—FEDERAL EMPLOYERS' LIA-
  BILITY ACT.
  A railroad employé, injured while working on an electric motor, cannot,
  though the company was engaged in both intrastate and interstate com-
  merce, be deemed engaged in interstate commerce; it not appearing that
  the particular motor was in any way used in interstate commerce.

  [Ed. Note.—For other definitions, see Words and Phrases, First and
  Second Series, Interstate Commerce.]

At Law. Action by Clarence O'Dell against the Southern Railway
Company. On motion by defendant to direct a verdict. Denied.

J. J. McSwain, of Greenville, S. C., for plaintiff.
Cothran, Dean & Cothran, of Greenville, S. C., for defendant.

JOHNSON, District Judge. When the evidence was all in, the de-
fendant moved for a directed verdict on various grounds, which
will be found in the record. I shall not consider the grounds in the
order in which the defendant submitted them, but will endeavor brief-
ly to give my reasons for refusing the motion.

[1] The defendant is not entitled to a directed verdict on the ground
that there is no evidence tending to show negligence on the part of the
defendant as the proximate cause of the plaintiff's injury, because there
is such evidence and it should go to the jury.

[2] The defendant is not entitled to a directed verdict on the
ground that the plaintiff by his own contributory negligence produced
the injury, because, there being evidence of negligence by the defend-
ant, it is for the jury to say what was the proximate cause of the
injury. If the negligence of the defendant was the proximate cause of
the injury, even though plaintiff was guilty of contributory negli-
gence, it would not bar a recovery by him, but would only serve to
reduce the verdict in the manner and in the measure provided by
the North Carolina statute.

⊖≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[3] The defendant is not entitled to a directed verdict on the ground that the plaintiff assumed the risk, because the plaintiff testified that he had complained of the defects and had assurances that they would be remedied. In such a case it is for the jury to determine whether or not a reasonable time to remedy the defects had elapsed. Besides, the North Carolina statute has modified the common-law doctrine of assumption of risk. But, even if there had been no modification, this is a case that would have to go to the jury.

[4, 5] This disposes of all the grounds of the motion except the first, which is subdivided into three divisions: (1) That the complaint states a cause of action at common law, because the plaintiff has not pleaded the North Carolina statute, and not having pleaded a statute applicable to the facts, and not having alleged facts showing the applicability of the federal Employers' Liability Act, it will be presumed that the complaint is based upon the principles of the common law; (2) that the evidence shows that the plaintiff at the time of his injury was engaged in interstate commerce work, and that the defendant was likewise so engaged; (3) the evidence showing a cause of action under the federal act, and the complaint one at common law, or at best under the North Carolina statute, the case pleaded has not been proved, and the case proved has not been pleaded. For all these reasons the defendant insists that it is entitled to a directed verdict.

Let us consider these grounds in their order. There is absolutely no presumption that the plaintiff has brought an action based upon the common law of North Carolina, because he has not said anything in his complaint about the laws of North Carolina. The South Carolina Code requires that the complaint shall contain a clear and concise statement of the facts constituting the cause of action. The facts constituting this cause of action are these: The plaintiff was the servant of the defendant, and was engaged in working for the defendant at Asheville, N. C.; that the defendant neglected to furnish to the plaintiff a safe place in which to do his work, and reasonably safe tools and appliances with which to do his work; and that defendant's breach of its duty to the plaintiff in that behalf was the proximate cause of the plaintiff's injury. Defendant cites Rosemand v. Railroad, 66 S. C. 97, 44 S. E. 576. The Supreme Court in that very case, in quoting Pomeroy on Remedies, says:

"It [the reformed system of pleading] wholly rejects all the subdivisions, which are merely legal rules or conclusions, and admits only those that consist of the facts to which the legal rules apply, and which are the occasion whence the conclusions arise. It assumes that the courts and the parties are familiar with all the doctrines and requirements of the law applicable to every conceivable condition of facts and circumstances; so that, when a certain condition of facts and circumstances is presented to them, they will at once perceive and know what are the primary and the remedial rights and duties of both the litigants, and, this knowledge being complete and perfect, it is useless incumbrance of the record to spread out upon it legal propositions and inferences with which every one is presumed to be acquainted."

This very forcibly expresses the rule that obtains in the courts of South Carolina. In the very case just quoted from the court said that where the cause of action arose in another jurisdiction, of whose

laws the court does not take cognizance, it was necessary to allege and prove it as a fact in the case, or the court would presume that the law of the foreign jurisdiction was the common law. Wherever a court takes cognizance of the law, it is not necessary to plead the law; or to refer to the law. It is only when a suit is brought in a court upon a cause of action arising in a foreign state that it is necessary to plead the law of the foreign state. The United States courts take judicial cognizance of the public laws of all the states in the Union. There is therefore no more necessity to plead the law of any state in the Union in a United States court than it would be in the state court to plead the law of that state. The plaintiff in this case set forth the time and the place that he was engaged in work for the defendant and how his injury was brought about. It was not necessary for him to say any more, because the court is bound to know the laws of North Carolina, and to apply the laws of North Carolina to the facts. Railroad v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, is the other case cited by the defendant in support of his motion. It was an action brought in the state court of Missouri upon a cause of action arising in the state of Kansas, and thence removed to the United States court; but the pleadings were bound to be interpreted according to their meaning in the court in which the action was brought. If this case had been brought in the courts of South Carolina, and thence removed to this court, this court would have to construe the pleadings just as the state court would construe them; but this action was brought in this court, and, as I have hitherto said, this court taking judicial cognizance of the public laws of North Carolina, there was no necessity to refer to it in the complaint.

[6, 7] The next proposition of the defendant is that the defendant was engaged as a common carrier by railroad in interstate commerce, and the plaintiff was likewise so employed at the time of his injury. Even if this were true, the court would not think about directing a verdict. It would be the duty of the court to amend the pleadings, so as to conform to the facts proved. This cause was tried in October. At that time the complaint alleged that the plaintiff was engaged in interstate commerce at the time of his injury, and the defendant denied it. When the evidence was all in, there was nothing to show that the plaintiff was engaged in interstate commerce at the time of his injury, and the court, over the objection of the defendant, allowed the complaint to be amended, so as to conform to the facts proved, and submitted the case to the jury under the North Carolina statute. 'There was a verdict for the plaintiff. On motion for a new trial, the court granted a new trial nisi. Thereupon the plaintiff amended his complaint by demanding $30,000, and gave the defendant notice that he would proceed to trial at the Anderson term of this court, with the understanding that the North Carolina statute was the law of the case. The defendant in its amended answer set up specifically that the plaintiff was engaged in interstate commerce at the time of his injury and that the Employers' Liability Act was applicable to the case.

As I have already said, even if the evidence showed that the plaintiff was engaged in interstate commerce, it would be a travesty upon jus-

tice to dismiss the complaint, instead of allowing the case to go to the jury under the law applicable to the facts. I see no connection between the work the plaintiff was engaged in at the time of his injury and interstate commerce. He was working upon an electric motor, which was certainly not peculiarly an instrumentality of interstate commerce in the operation of railroads. There was some evidence about cinders from engines that had come from beyond the state being dropped into the cinder pit, but the evidence all showed that the interstate journey of the engine had ceased long before the cinders were removed to the cinder pit. The crew, bringing the engine in, detach it from the train. It is turned over to a hostler. The hostler carries the engine to some siding or to the roundhouse. Later, as opportunity affords, he places the engine over the cinder pit to be cleaned, and the work of removing the cinders is done by common laborers employed for that purpose. The electric motor is never used in removing the cinders from the engine. Some witness testified that cinders, when removed from the pit, were used for different purposes, amongst others for ballasting the roadbed; but there is no evidence that this particular motor at any particular time, either before or after the injury, was used in lifting cinders from the pit that were used in ballasting a roadbed.

The Supreme Court of the United States in Winters v. Railroad, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. 358, decided January 8, 1917, held that a helper who was engaged in repairing an engine in the roundhouse was not engaged in interstate commerce, although the engine being repaired had brought in a train of cars from beyond the state, and after being repaired carried out another train of cars in interstate commerce. The court said there was nothing about an engine to make it peculiarly an instrumentality of interstate commerce. There is nothing about an electric motor which makes it peculiarly an instrumentality of interstate commerce. To my mind it is clear, therefore, that the plaintiff was not engaged in interstate commerce, within the meaning of the Employers' Liability Act, and it is therefore proper to apply the North Carolina law to the facts of the case.

The third ground is that, the evidence showing a case under the federal act and the complaint one at common law, or at best under the North Carolina statute, the case pleaded has not been proved, and the case proved has not been pleaded; the defendant, therefore, is entitled to a directed verdict. What has been said above sufficiently disposes of this ground. The plaintiff has proved his action under the statutes of North Carolina, and, even if he had proved an action under the federal Employers' Liability Act, I would not direct a verdict. I would require the pleadings amended to conform to the facts proved. The defendant would have no ground to complain of that, because the defendant itself has undertaken to try to show that it was an interstate commerce transaction, and should not object to the application of the very law that it insists is applicable to the case.

All the grounds for a directed verdict are overruled, and exception allowed.