No. 559
ACME LUMBER CO v. HALLOWELL
Ohio Appeals, 1st Dist., Hamilton County
No. 2374.   Decided Feb. 25, 1924
Motion to certify overruled by Supreme Court.  2 Abs. 454.

677.  JUDGMENTS—1. Duly certified transcript of record of a judgment of a court of record of another state, is prima facie evidence of jurisdiction and authority of the court.

2. Lack of jurisdiltion of a foreign court rendering a judgment, is an affirmative defense, and must be shown.

HAMILTON, J.              Epitomized Opinion
Published Only in Ohio Law Abstract

The Acme Lumber Co. brought this action in the Cincinnati Municipal Court, seeking to recover against Hallowell on a judgment it obtained against him in the Circuit Court of Wayne county, Michigan. The bill of particulars in the Municipal Court set up a jury verdict and judgment upon it, in said Circuit Court, and alleged it to be a court of record, and that it had jurisdiction of the cause and of the defendant. Hallowell filed a general denial. Upon the trial, the Lumber Co. offered in evidence the duly authenticated record of the said Michigan judgment, certified under the Act of Congress. Hallowell offered no evidence.

The Municipal Court decided in favor of Hallowell, on the theory that the transcript of the judgment was not proof that the Michigan court was one of record, which had jurisdiction of the case. The Lumber Co. prosecuted error to the Hamilton Common Pleas, which affirmed the Municipal. The company then asked the Hamilton Appeals to reverse both judgments.

The question involved herein is whether plaintiff, filing suit on a foreign judgment, where a general denial is on file, is required to prove affirmatively the laws of such foreign state, wherein the judgment was rendered, showing the existence, jurisdiction and authority to render the judgment, in addition to the introduction of the authentic record.

Pursuant to the provisions of Sec. 4, Art. IV of the U. S. Constitution, Congress prescribed by general laws the manner in which acts, records and judicial proceedings shall be proven and the effect thereof.

The transcript which the Lumber Co. in-

troduced in evidence was duly certified in compliance with the Act of Congress, and the question is made, whether this was sufficient to make a case for it, in the absence of any evidence on the part of defendant, Hallowell. The United States rule is laid down in Hanley v. Donoghue, 116 U. S. 1, that if it appears upon its face to be a record of a court of general jurisdiction, the court is presumed to have jurisdiction over the cause and parties, unless disproved by extrinsic evidence or the record itself. This rule exists in nearly all the states. The company, however, urge that the rule in Ohio is that "jurisdiction of a court of a sister state, and the statute conferring it, must be pleaded, and proved, if denied."

But the Court of Appeals held that the above statement is inaccurate, and cited several Ohio cases wherein the question had been raised, but the holdings have been that the record of judgment rendered in another state may be contradicted, as to the jurisdictional facts, but it is a matter of defense, and lack of jurisdiction must be shown. Its conclusion is, that the introduction in the Municipal Court by the plaintiff of the authenticated and c rtified record raised the presumption that the Michigan court possessed the authority to render the judgment, and want of such authority was an affimative defense.

Judgments of Common Pleas and Municipal Court reversed, and cause remanded to Common Pleas with instruction to remand the cause to the Municipal Court for further proceedings according to law.

Attorneys—Walker K. Sibbald and Stuart R. Ducker, for the Lumber Co.; Allen C. Roudebush, for Hallowell; all of Cincinnati.