## AMERICAN SURETY CO. OF NEW YORK v. FIRST NAT. BANK OF NEWFOUNDLAND.

### Civ. A. No. 2786.

District Court, M. D. Pennsylvania.

Oct. 16, 1947.

Frank P. Slattery, of Wilkes Barre, Pa., and Walter Higgins, of New York City, for plaintiff.

Welles, Mackie, Mumford & Law, of Scranton, Pa., for defendant.

WATSON, District Judge.

This is a motion by the Defendant to dismiss the action, or, in the alternative, to strike certain paragraphs from the Complaint, or for a more definite statement or bill of particulars. A Complaint was filed in this Court containing seventy five paragraphs, forty seven of which were excerpts of Pennsylvania Statutes; whereupon, the Defendant raised the questions mentioned above.

The motion to dismiss the action for failure to state a claim will be dismissed. The Complaint, alleging, inter alia, that the Defendant Bank accepted payment from the account of George H. Case, Tax Collector, to apply toward the individual indebtedness of George H. Case, the de-

faulting principal of the Plaintiff, must be accepted as true and does state an actionable claim.

 The motion to strike certain paragraphs will be granted. The Court will order stricken from the Complaint more paragraphs than requested by the motion of the Defendant, for the reason that all are redundant, and the resulting Complaint will be more consistent with the requirements of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The paragraphs to be stricken out are merely recitals of statutes of which the Court is obliged to take judicial notice, though they be not pleaded, and which paragraphs are a hindrance to a concise complaint. Barry v. Snowden, C.C., 106 F. 571; Burntisland Shipbuilding Co., Ltd., v. Barde Steel Products Corporation, D.C., 278 F. 552.

The motion for a more definite statement or for a bill of particulars will be denied. Defendant requests the Plaintiff to furnish it with the citations of Pennsylvania statutes, which requests are not properly included in a motion for a more definite statement. Likewise, improperly raised in the motion are demands going to the sufficiency of the Complaint. In the opinion of the Court, the remaining information requested by the Defendant in its motion may be secured by other means at its disposal; that is, by the use of Rules 26 and 33 to 37 of the Federal Rules of Civil Procedure. The Complaint is already drawn "with sufficient definiteness or particularity to enable the Defendant properly to prepare his responsive pleading."

This Court has repeatedly held that motions under Rule 12(e) are properly presented only where the complaint is so vague or ambiguous, or contains such broad generalizations, that the Defendant cannot frame an answer thereto or understand the nature and extent of the charges so as generally to prepare for trial. Brinley v. Lewis, D.C., 27 F.Supp. 313. Such is not the case at bar.

Now, October 16, 1947, the motion of the Defendant to dismiss the action is denied; the motion of the Defendant for a more definite statement or bill of particulars is denied; the motion of the Defendant to strike certain paragraphs from the Complaint is granted; and it is further ordered that Paragraphs 11 to 57 inclusive be, and they hereby are, stricken from the Complaint.