Mr Justice Story,
 

 after stating the facts, delivered the opinion of the Court.
 

 The original suit was brought to recover back the purchase money paid by the defendant in error for the slaves, and other compensation for the defect of'title [as mentioned in the previous statement of the facts otthe case]. The jury found a verdict for the original plaintiff,.for 2636 dollars and 96 cents, upon which.judgment was rendered accordingly; and the5 present writ of error is brought to revise that judgment upon certain bills of exceptions. taken' at the trial, on behalf of the ■ plaintiffs in error:
 

 The.objections taken to the - admissibility of the evidence were, in' the first place, that the record in the case of the. Heirs of the testatrix v. Hull,(in Louisiana, was not evidence against the defendants in the present suit, except as to'the judgment’ of the court in Louisiana,' By the judgment, we are to understand, not that part of the record, which in- a suit-at the common law technically follows, the ideo considéralum esf, &c.; for that would be wholly unintelligible, Without reference to the preceding pleadings and proceedings; but that which, in common, as well as legal language, is deemed the ex-’ emplification of a judgment; that is to say, all the pleadings and proceedings on which the judgment is founded, and to which, as matter of record, it necessarily refers. We are of opinion, that this objection was well taken. The suit was res inter alios acta,, and the proceedings, and judgment therein were no further evidence than to show a recovery against Hull, by a paramount title. • There was error, therefore, in the circuit court, in refusing to sustain this objection. '
 

 The next-objection was, that the copy'of the original bill of sale of the slaves to. Hull, on record in the notary’s office, was. not evidence, unless the plaintiff accounts for the non production of the original. The validity of .this objection depends upon this consideration, whether the non production of the original was. sufficiently accounted for. It was not accounted for by any proofs offered on behalf of the
 
 plaintiff;
 
 and unless
 
 *625
 
 the circuit court could judicially take notice of the laws of Louisiana, there was nothing before the court to enable it to say that then on production of the original was accounted for.
 

 We are of opinion, that the circuit court was bound to take judicial notice of the laws of Louisiana. The circuit courts, of the United States are created by congress, not for the purpose of administering the local law .'of á single state alone, but to administer the,laws of all the states in the union, in cases to which they respectively apply. The judicial power conferred on the general1 government, by the constitution, extends to many cases arising under the laws of the different states. And . this court is called upon, in the exercise of its appellate jurisdiction, constantly to take notice of and administer the jurisprudence of all the states. That jurisprudence is then, in no just.sense, a foreign jurisprudence, to be proved, in the courts of the United States, by the ordinary modes of proof by which the laws of a foreign country are to be established ;■ but it/is to be’ judicially taken notice of in the same manner, as the laws of the United States are taken notice of by these courts.
 

 Under these circumstances,- we are at liberty to examine the ■ objection above stated, with reference to the known laws of Louisiana. Now, in Louisiana, as indeed, in all countries using the civil law, notaries are officers .of higti importance and confidence ; and the contracts and other acts of parties executed before them and recorded by them, are - of high credit and authenticity. Some contracts and con--veyances lire not valid, except they are executed in a prescribed manner, before a- notary; others again, if executed by the parties elsewhere, may be recorded by a notary ; and a copy of such record is‘in many cases evidence. Where a contract or other act is executed in a particular manner, before a notary, the protocol or original remains in his possession
 
 apud acta-;
 
 and the act is deemed, what is technically called, an “ authentic actand a .copy of such act, certified, as a true copy by the notary, who is the depository of the original, or his successor, is deemed proof of what is contained in the ori.ginal, for the plain reason that the original is properly iti the custody of a public officer, and not deliverable to the parties. This will abundantly appear, by a reference to the Civil Code of Louisiana, from article 2231 to article 2250. Now, the bill
 
 *626
 
 of-sale in the present case, is precisely.in that predicament. It was executed before a notary in the'manner prescribed by the laws of Louisiana ; the original is in his possession, and is an authentic act, apncl acta : and therefore, the party is not entitled to the possession of it, but only to a copy of- it. So that the absence of the original'is sufficiently accounted for; ahd the copy being duly proved, was properly admissible in evidence. . There was no error, therefore, in the circuit court, in admitting this evidence.
 

 And this constitutes an answer to the next objection : viz. “•that to make the act of sale evidence, if must appear, by. the laws uf Louisiana, properly and legally proved, that theoriginal act of sale, of which it purports to be, a copy, is in the custody cf a public depository, and cannot bo adduced in evidence.” By the laws of Louisiana, as already stated, the original is in the hands of such a depository ; .and, therefore, the objection falls to the ground. •
 

 The next objection is, that the documents, and documentary proofs contained in the record of the Louisiana suit, above mentioned, are not evidence against the defendants. This has been already disposed of under the first objection ; and there was error in the circuit court in not'sustaining the objection.
 

 .The next objection is, that the papers referred to in the tés-t.imony of Mar'a Blache, purporting to be letters testamentaiy, granted by the court of probates of Louisiana to John K. West,, are not legal evidence- in the cause against the defendants. We are of opinion that the objection is unfounded, and was rightly overruled by the circuit court. Blache swears that he is the clerk and register of the court of probates; that the copy is a true copy of the original; that he cannot send the original, which is on file in the court-of probates. Under Such circumstances, the copy is the best evidence which the nature .of the case admits of.
 

 The next objection is, that the evidence of Mr Winchester, with regard to the letters and the accounts of J. K. West, transmitted by him, is not admissible evidence in the .cause. In our opinion the circuit court was right in overruling this objection. ' Mr Winchester was the attorney in fact of the defendants, and conducted, in their behalf, the correspondence with J. K. West; and the letters which passed between Ihenr
 
 *627
 
 •must be presumed to have.been brought fully to 1 lie knowledge of the defendants, and were important to establish.a presumption of the ratification of the acts of West by the defendants,, after the communication of them. How far they ought.to avail for that purpose, was matter of fact' for the consideration of the jury. The only question with which we have to do, is their competency for this purpose.
 

 The next and last objection, under, this head, which properly should have preceded all the others, büt was taken in a subsequent stage of the trial; is to the admissibility in evidence of the record from the parish court of the city of New Orleans, already referred, to,
 
 for any purpose,
 
 on the ground of its not being authenticated’according to law. This objection • was overruled by. the- circuit court, and, in our opinion, properly overruled. The record is authenticated in the precise manner required by. the act. of congress, of the 26th iVlfty 1790, having the attestation of the clerk, and the seal of the court-annexed,. together with a certificate of the sole judge of. the court that the attestation is in due form of law!
 

 We may .now proceed to the
 
 Consideration of
 
 the instructions asked of the court in behalf of the defendants, in the farther progress, of the cause, and refused by the court. With those asked by the plaintiff, in the actual posture of the cause, upon the present writ of error, we have nothing to do.
 

 The.first instruction asked was, that there was no evidence in the cause to show that John K. West had any authority from the defendants in the cause, to ■ effect a sale of any.property belonging to the estate of their, testatrix, in Louisiana, except in conformity with the laws of the said state ; and that unless the plaintiff shows a' sale to the plaintiff (Hull), by West, in conformity with the said laws, and a subsequent recovery from. Hull, he is not entitled to recover. We. are of opinion that this instruction ought.to have been given-as prayed.
 

 Every authority given to an agentor attorney, to transactbusiness for his principal, must, in the absence of any counter proofs, be construed to be, to tiansact it according to the laws of the place where it is to be done. A sale of slaves, authorised by an executrix, to be made i.n Louisiana, must be presumed to be intended to be made in the manner required by the laws of that state to give it validity. And the purchaser, equally with
 
 *628
 
 the seller, is bound under such circumstances to'know what these laws are, and to be- governed (hereby. The law will never presume .that, parties intend to violate its precepts: and-indeed, the very terms of the-letter of attorney under which the .present sale was made, clearly point'out that.-it was in contemplation of the parties that judicial, as well-as extrajudicial acts might be required to be done. ' The attorney is to execute good and .sufficient deeds, &c., for the purpose of transferring all the right and title of the heirs of the testatrix in. her real and per-- ' sonal estate, to the purchasers; and generally to do, negotiate . and. perform all other acts, matters and things in the premises; for the effectual settlement of the estate, &c. Now, there could.be no effectual settlement unless a valid title to the slaves and other property sold, was given, according to the laws of Loüisiana ; and there-is no evidmce in,the'case to show that the defendants ever contemplated any sale, which should not be- valid by those laws. The circuit court therefore erred in not giving the instruction.
 

 The next instruction asked, was for the court to instruct the ■jury that, unless they believed that. John K. West strictly complied with the, special instructions given him by the defendants in the power of attorney of January 1816, and caused such legal proceedings to be instituted, as were necessary to effect, a' sale of the personal estate, in Louisiana, of which.their testatrix died' possessed, and under such legal proceedings, made a sale of the slaves,'being part of the personal estate, to the plaintiff (Hull), and that-the slaves were subsequently recovered from the plaintiff, the plaintiff is not entitled to recover. For the reasons already given, this instruction oughtalso to have been given; This is not the case of a general agency, but a special( agency, created by persons acting in- autre droit. The purchaser was therefore bound to see whether the agent acted within the scope of his powers; and, at all events, he was bound to know that the agent could not, in virtue of any general power, do any act which was not in conformity with the laws of Louisiana. The principals could never be-presumed to authorise him- to violate those laws; and the purchaser pur-cnásing a title invalid by those laws, must have purchased it With his eyes open.
 

 The next instruction asked, was for. the court to direct the
 
 *629
 
 jury,, that if they should be of opinion,'flora, the evidence, that the defendants did ratify fhe said sale of the slaves ; yet if they should be-opinion that West did not, before such ratification, apprise the defendants of the fact that tlie letters of adiuinis-.'■tration were never taken out by him in Louisiana upon the estate of the testatrix, and of the fact that by the laws of Louisiana,. tlie executrixes, .the defendants, never could have claimed any property in the slaves so sold, and that the defendants, in ignorance of the existence of these facts, did ratify' the said'sale:.then such ratification, being rnade without a full knowledge of all circumstances material for them to know'before they made such ratification, is hot binding upon litem.' The court refused to give this instruction, because the prayer did not arise from the facts of the’ case. But the court did direct, i he jury, that if the jury should believe, from the evidence, that the proceedings of their attorney were ratified by them, it was not ‘material whether they did or did not know, that West had taken out letters of administration on the estate of the testatrix.
 

 It is wholly unnecessary for us now. to consider whether the instruction as prayed, ought to have been given or not
 
 ;
 
 for wTe are of opinion, that the instruction actually given cannot, ■in point of law, be supported. No doctrine is better settled, both upon principle and authority, than this; that, ihe ratification of an act. of an agent previously'unauthorized, must, in order to bind the principal, be with a full knowledge of all the material facts.' If the material facts be either suppressed or unknown, the ratification is treated as invalid, because founded in mistake or fraud. Now, by the laws of Louisiana (Civil Code, art. 16S1, 16S2), testaments made in foreign countries, and cither states of the union, cannot be carried into éfiect.on property in that state, without being registered in the .court1 within the jurisdiction of which the property' is situated ; and the execution thereof is ordered by' the judge ; which may be done, if it be established that, the testament has been duly' proved before a competent judge of the place where it was received. • So that there is no doubt, that the due probate of the will of the testatrix, before the proper court of probate of Louisiana, was an indispensable preliminary to any sale of the property in that state. . If West had not taken out letters of
 
 *630
 
 administration on: the estate of the testatrix, in Louisiana] it is clear that he could have no authority to sell the slaves, or to bind the executrixes.
 

 For these reasons we are of opinion, that the judgment of the circuit court ought to be reversed, and the cause be remanded. to the circuit court, with directions to award a venire racias tie, novo.
 

 This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Maryland, and was'argued by counsel; on consideration whereof; it is the. opinion of the court, that there was error in the said circuit court in refusing to sustain the objections made by the oueinal defendants (now plaintiffs in error), contained in their first specification in the record, viz. “ That the record in the case of.Donaldson v. Hull, in the parish court of New Orleans; is
 
 noi
 
 evidence in this cause against the defendants, except as to the' judgment of the court in Louisiana.” And also in their fourth specification, viz. “ That the depositions and documentary proof contained in the record, in the cause Of Donaldson v. Hull, are not evidence against the defendants in this cause.” And also that there was error in the said circuit court in refusing to grant the first instruction prayed by the defendants, viz.. “ To. direct the jury that there is no evidence in the cause to show that John K. West' had any. authority from the defendants in this cause, to effect a sale of any property belonging to the estate of their testatrix, in Louisiana, except in conformity with the laws of said state; and that unless the plaintiff shows a sale to the plaintiff Hull, by West, in conformity with said laws, and a subsequent recovery from Hull, he is not entitled to recover.” And also in refusing the second'instruction prayed by the defendants, viz. “To direct the jury that, unless they believe that John' K. West strictly complied with the special instructions given him by the-defendants in the power of attorney of January 30th 1816, and caused such legal proceedings to' be instituted as were necessary to effect a sale of the personal , estate of which their testatrix died n.ossessed of in Louisiana; and, Under such legal proceedings, madp sale of certain slaves, being part of the said
 
 *631
 
 personal estate, to J. F. Hull, the plaintiff in this cause; and ■ that the said slaves were subsequently recovered from the said Hull.: that the plaintiff is not entitled to recovér.” And also.in giving the-following.instruction to the jury, viz. “That if the jury should belieye from the evidence, that the proceedings of their attornéy were ratified by them, it is not material whether they knew, or did not know, that West had not takefc out letters of administration on the estate of the testatrix.” It is therefore considered by the court, that for these errors the j'udgment'of the said circuit court be, and the same is hereby, reversed and annulled, and the cause is remanded to the said, circuit court, with directions to award a venire facias de novo.