THE PRESIDENT, DIRECTORS AND COMPANY OF THE CONNECTICUT RIVER BANK *vs.* ABRAM FRENCH & another.

The fact of purchasing from a broker a note, which has been wrongfully signed by a member of a partnership with the name of his firm and intrusted to the broker for sale, at a usurious rate of interest, does not, in the absence of other evidence upon the subject, afford a conclusive presumption that the purchasers do not take it in good faith as against the other members of the firm.

MERRICK, J. This action is brought against the defendants as surviving partners of Josiah B. Kilbourn, deceased, with whom they were associated in business under the name and firm of French, Wells & Co., upon a promissory note purporting to be made and signed by them, payable to their own order and indorsed by them to the plaintiffs. It appeared from the uncontested evidence which was produced upon the trial, and indeed it is now conceded by the parties, that Kilbourn, as one of the members of the firm, had authority to make, indorse and cause to be discounted the promissory notes of the company in the common, ordinary and legitimate course of their business; that he made and indorsed the note now in suit, and placed it in the hands of Mead, a broker in the city of Boston, to be discounted or sold; that Mead sold it to the plaintiffs through Hubbard, their agent, for a discount of interest at the rate of eight and one half per cent. per annum, and paid the money, the proceeds of

the sale, except a small sum retained as commissions in compensation for his services, to Kilbourn. The note, however, was not made for the benefit of the company, nor in reference to any part of its business; but was fraudulently made by Kilbourn, without the consent or knowledge of either of the defendants, and exclusively for his own use, and the money which he received upon the sale of it to the plaintiffs he fraudulently withheld from the company and appropriated to purposes and uses of his own. But neither Hubbard, Mead nor the plaintiffs had any knowledge, or any reason, other than what resulted from the transaction in the sale and purchase of the note, to suspect any fraudulent conduct or design on the part of Kilbourn, or that the note was not made and put into market for sale in the usual and ordinary course of business. It is not claimed that there was ever any subsequent ratification by the defendants of these acts of Kilbourn.

At the close of the testimony by which these facts were proved, the defendants requested the court to instruct the jury that if the note was made by Kilbourn in fraud of the rights of his partners, and was purchased by the plaintiffs, or by an agent acting in their behalf and with their authority, at a discount of interest greater than at the rate of six per cent. per annum, they were not purchasers in good faith as against the defendants, French and Wells, and consequently could not in that case maintain this action against them. To this request the court declined to accede. But all the other prayers for instructions offered by the defendants were adopted. And the jury, in view of all the evidence submitted to them, were advised that the plaintiffs were to be regarded as holders in good faith, if, at the time when they purchased and paid for the note, neither they nor their agents had any knowledge of the fraudulent purpose of Kilbourn, or of any circumstances which would put cautious men upon inquiry on the subject.

To the refusal of the court to instruct the jury in conformity to their requests, the defendants excepted. And they now in support of their exceptions contend, in substance and effect, that the sale of the note in the manner above stated, upon a discount

of interest at a rate greater than that established by law, is conclusive evidence that the defendants knew, or had reasonable cause to suspect, that there was some fraud, dishonesty or defect of authority in reference to the making or sale of the note on the part of those who were attempting to dispose of it, which would affect its validity in the hands of the purchasers. But this proposition is not warranted by any presumption or implication from the facts, or any provision of law in relation to usurious contracts. Mr. Hubbard, who alone acted for the plaintiffs in the purchase of the note, testifies that there was nothing peculiar in this transaction; that is, that it was so similar in its circumstances to others of a like kind frequently occurring in the ordinary course of business, that there was nothing in it to attract attention or to excite inquiry upon any question concerning the validity of the contract or the liability of the persons purporting to be makers of the note to pay its contents according to its tenor to any person who should purchase and thereby become the holder and owner of it. Indeed the defendants' prayer for instructions is predicated upon and impliedly admits that the loan of money or discount of the note, whichever it may be called, at an usurious rate of interest, is the only circumstance which could possibly have had any tendency to put the plaintiffs upon their guard, or upon inquiry as to the authority of the person by whom the note was made and put into the market for sale to bind the persons purporting to be its makers to the performance of the contract. And here the law expressly determines what consequence shall result from and what penalties shall attach to such a transaction. No contract or assurance for the payment of money at a greater rate of interest than is allowed by the provisions of the statute is thereby rendered void; but the party who has reserved, taken or received any such excess shall forfeit three times its amount, if the borrower shall pursue the necessary steps to enforce the forfeiture. Gen. Sts. *c.* 53, §§ 3, 4. The defendants certainly cannot be in a better position than they would have been, or make any other defence than they could have made, if their partner Kilbourn, instead of acting through the agency of a broker, had himself

borrowed the money upon the same terms of the plaintiffs. In that case, they could only avail themselves, in defence of an action upon the note, of the provision of the statute establishing the forfeiture, but could not wholly defeat the plaintiffs' right of recovery unless the whole forfeiture should be equal to or exceed the whole amount due upon the note. It is obvious, therefore, that the instructions asked for by the defendants were properly refused. And as they do not insist upon their right to leduct from the amount of the note three times the amount of the usurious or unlawful interest, and as their other objections to the rulings and directions of the court at the trial are now waived, their exceptions must be overruled and judgment entered on the verdict.

*C. B. Goodrich & W. R. P. Washburn*, for the defendants. The plaintiffs are, in contemplation of law, payees of the note. They bought of Kilbourn upon a usurious discount of interest. Kilbourn had no authority arising by implication from his position as a partner of the defendants to bind them to the performance of such a contract. It was therefore necessary for the plaintiffs to show an actual authority, precedent or subsequent, under which he made the contract. See *Shaw* v. *Stone*, 1 Cush. 244, 245; *Ramsdell* v. *Morgan*, 16 Wend. 574; *Keutgen* v. *Parks*, 2 Sandf. 60, 64; *Hall* v. *Wilson*, 16 Barb. 551, 554; *Hutchins* v. *Turner*, 8 Humph. (Tenn.) 415; *Owings* v. *Hall*, 9 Pet. 607; *Armstrong* v. *Toler*, 11 Wheat. 258; *Craig* v. *Missouri*, 4 Pet. 410, 436, 437.

*C. A. Welch*, for the plaintiffs.