**Ruby B. WADE, Plaintiff,**

v.

**Clyde Lewis LYNN, Defendant.**

**Civ. No. 34573.**

United States District Court
N. D. Ohio E. D.

Feb. 9, 1960.

---

2.  This period conforms to the provisions of Section 20(11) of the Interstate Commerce Act, 49 U.S.C.A. § 20(11).

J. Harold Traverse, Cleveland, Ohio, Farmer & Farmer, Morgantown, W. Va., for plaintiff.

Richard F. Stevens, Meyers, Stevens & Rea, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This action was filed by a resident of the State of West Virginia seeking damages for personal injuries sustained in an automobile collision in that State. Defendant is a former West Virginia resident now living in Ohio.

Defendant denies the allegations of negligence and pleads, as an affirmative defense, that the case was not filed "within the time limited for the commencement of such actions and is therefore barred by the Statute of Limitations." Answer, par. 10.

Defendant has filed a motion for summary judgment under Rule 56(b) and (c), Rules of Civil Procedure, 28 U.S.C.A.

I.

The defense of statute of limitations may be asserted on a motion for summary judgment. Cyclopedia of Federal Procedure, Third Ed., par. 15.534, p. 546; Suckow Borax Mines Consol. v. Borax Consolidated, 9 Cir., 1950, 185 F.2d 196.

Plaintiff alleges and defendant admits that the subject accident occurred on September 29, 1956, in the State of West

Virginia. Complaint, par. 3; Answer, par. 3. The complaint was filed in this Court on June 23, 1958.

■ There being no federal statute of limitations relating to common-law actions for personal injuries, the Rules of Decision Act, 28 U.S.C.A. 1652, requires the application of state laws:

"The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

■ It is well recognized that in common-law diversity of citizenship cases the *lex fori* govern the limitation of actions. Maki v. George R. Cooke Co., 6 Cir., 1942, 124 F.2d 663, 665, 146 A.L.R. 1352:

"Certain extra-territorial limitation upon statutes of limitation may be recognized as settled. In common law actions, the statute of limitation of the forum is a bar to remedy, even though the action is not barred in the state where it arose; and conversely, an action not barred by the limitation of the forum is maintainable, though barred in the state of origin of the cause of action."

Section 2305.10 of the Ohio Revised Code provides that:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Section 2305.20 of the Ohio Revised Code provides as follows:

"If the laws of any state or country where a cause of action arose limit the time for the commencement of the action to a lesser number of years than do the statutes of this state in like causes of action then said cause of action shall be barred in this state at the expiration of said lesser number of years."

In his affidavit in support of this motion, counsel for defendant sets forth the West Virginia statute of limitations in effect at the time of the accident and when this action was filed:

"*Personal Actions Not Otherwise Provided For:*

"Every personal action for which no limitation is otherwise prescribed shall be brought (a) within two (2) years next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative; and (b) if it be for a matter not of such nature, shall be brought within one (1) year next after the right to bring the same shall have accrued, and not after; and (c) every right of action mentioned above in clause (a) heretofore accrued shall be brought within two (2) years hereafter or within five (5) years from the time such action accrued, whichever shall be less." West Virginia Code of 1955, Section 5404.

The West Virginia cases hold that actions for personal injuries do not survive the death of either party, Curry v. Town of Mannington, 23 W.Va. 14; State of West Virginia ex rel. Russell v. Leedy, 141 W.Va. 474, 91 S.E.2d 477; thus, the limitation period of this case in West Virginia was one year. However, both parties agree that under Section 5409 of the West Virginia Code the statute of limitations will be tolled while any party against whom an action might be filed is absent from that State. Plaintiff urges that since defendant left West Virginia about nine months after the accident and has not returned, and since he still could be sued in that State should he return there, the suit is not barred in Ohio. Plaintiff's Brief, page 3; Plaintiff's Supplemental Brief, page 4.

■ The Ohio Supreme Court has held to the contrary. Payne v. Kirchwehm, 141 Ohio St. 384, 48 N.E.2d 224, 149 A.L.R. 1217, involved a Florida tolling statute, F.S.A. § 95.07, similar to the

West Virginia law here under consideration. The Court decided that where a person's absence from a foreign state tolls the operation of the statute of limitations in that state, under Section 11234 of the Ohio General Code (predecessor of the present Section 2305.20 of the Ohio Revised Code) the tolling is of no effect in Ohio. In other words, while a shorter statute of limitations of a foreign state wherein a cause of action arose is "borrowed" in Ohio, an accompanying tolling statute of the foreign state, which is based on the defendant's absence therefrom, will not also be "borrowed." As the Court stated in the Payne case, beginning at page 387 of 141 Ohio St., at page 226 of 48 N.E.2d:

"It would indeed be an anomalous bit of logic to hold that although the defendant has been in Ohio and therefore subject to an action by the plaintiff in this forum, nevertheless the statute of limitations has been prevented from running against the plaintiff in Ohio for no other reasons than that the defendant has been absent from Florida."

Nies v. Augur, Ohio Com.Pl. Hamilton County, 1944, 15 Ohio Supp. 26, involved a cause of action which arose in West Virginia, suit thereon being filed in Ohio. The Court held that the West Virginia statute suspending its statute of limitations while the defendant was outside that State was of no effect in Ohio.

## II.

However, plaintiff states that the Ohio decisions restricting the application of Section 2305.20 are now irrelevant because, "in January 1959, the West Virginia Legislature saw fit to extend the one-year statute of limitations to two years." Plaintiff's Brief, page 4. Plaintiff argues that (1) she had an existing cause of action in West Virginia in January 1959 due to defendant's absence from that State, and (2) she had filed her case in Ohio within two years after the cause of action arose, "which West Virginia now says is the time limitation for the commencement of personal injury

suits" (Plaintiff's Brief, page 4), therefore her action may still be maintained in Ohio.

The plaintiff has not furnished the Court with a copy of the amended West Virginia statute, but the section to which she apparently refers reads as follows:

"Section 5404. *Personal Actions Not Otherwise Provided for.* Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) *within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries;* and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative." (Emphasis added.)

This change does enlarge the limitation period for personal injury actions in West.Virginia from one to two years but it did not become effective until 1959.

■ Moreover, there are no provisions in the amended statute or in the Ohio Code which suggest any basis for reviving causes of action already barred here by the former one-year statute of limitations. In the absence of express provisions, statutes of limitations are not applied retroactively.

67 A.L.R. 303 states:

"The general rule is that when an action of tort is barred by a Statute of Limitations it is not revived by a subsequent statute extending the time for bringing such actions."

While it is doubtful that any retroactive provisions of the West Virginia statute (if there had been any) would have had any effect in Ohio, it is worth noting that the general rule of construing statutes prospectively rather than retrospectively is followed by the Supreme Court of Appeals of West Vir-

ginia. In Stewart v. Vandervort, 1890, 34 W.Va. 524, 12 S.E. 736, 12 L.R.A. 50, the Court was called upon to apply a statute making certain putative marriages void only upon decree, whereas the purported marriage under consideration had been performed under a prior statute which would have made it null and void without decree. The Court applied the earlier statute, stating, 34 W. Va. at page 530, 12 S.E. at page 738:

"In the first place, one of the cardinal rules by which courts are governed in interpreting statutes is that they must be construed as prospective in every instance, except where the intent that they shall act retrospectively is expressed in clear and unambiguous terms, or such intent is necessarily implied in the language of the act, which would be inoperative otherwise than retrospectively. It is not enough that the language is general enough to cover past transactions to justify a retroactive construction. Every reasonable doubt is resolved against a retroactive operation of the statute."

■ Section 2305.20 of the Ohio Revised Code, as interpreted in Payne v. Kirchwehm, barred this action in Ohio courts, state and federal, after September 29, 1957. The fact that plaintiff still may be able to maintain her cause of action in West Virginia (should defendant return to that State) is of no significance here.

### III.

■ Finally, plaintiff argues that defendant has waived his privilege of asserting the statute of limitations as a bar to this action because of failure to specifically plead the statutes in his answer. It is plaintiff's contention that statutes of other states will not be judicially noticed but "must be pleaded and proved as matters of fact, triable by a jury," citing 37 Ohio Jurisprudence 475, 476 and 54 C.J.S. Limitations of Actions § 366, pp. 501, 502. It is doubtful whether this is even the law of Ohio in view

of the provisions of Ohio Revised Code Section 2317.44. But United States courts clearly are required to take judicial notice of the laws of the several states. This proposition was asserted by the Supreme Court as early as 1835 in Owings v. Hull, 9 Pet. 607, 34 U.S. 607, at page 625, 9 L.Ed. 246, wherein Mr. Justice Story said:

"We are of opinion, that the circuit court was bound to take judicial notice of the laws of Louisiana. The circuit courts of the United States are created by congress, not for the purpose of administering the local law of a single State alone, but to administer the laws of all the States in the Union, in cases to which they respectively apply. The judicial power conferred on the general government, by the constitution, extends to many cases arising under the laws of the different States. And this court is called upon, in the exercise of its appellate jurisdiction, constantly to take notice of and administer the jurisprudence of all the States. That jurisprudence is then, in no just sense, a foreign jurisprudence, to be proved, in the courts of the United States, by the ordinary modes of proof by which the laws of a foreign country are to be established; but it is to be judicially taken notice of in the same manner, as the laws of the United States are taken notice of by these courts."

In Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 859, 29 L.Ed. 94, the Court stated:

"The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof. Owings v. Hull, 9 Pet. 607, [9 L.Ed. 246]; Pennington v. Gibson, 16 How. 65, [14 L.Ed. 847]; Covington Drawbridge Co. v. Shepherd, 20 How. 227, [15 L.Ed. 896]."

The Court reaffirmed this doctrine in Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455.

In Baltimore & O. R. Co. v. Reaux, D. C.N.D.Ohio W.D.1945, 59 F.Supp. 969, Judge Kloeb held the law of Maryland to be applicable, stating, at page 973, that the "fact that that law (of Maryland) has been neither pleaded nor proved is immaterial * * *." On a motion for a new trial in that case it was urged that, unless pleaded and proved, the laws of other states will be presumed to be the same as the law of the forum, the same position as taken by the plaintiff herein. Plaintiff's Supplemental Brief, page 2. Judge Kloeb held this position to be "untenable" with respect to its applicability in federal courts. He pointed out that the "doctrine of judicial notice is not a conflict of laws rule," (at page 975) that it is a rule of pleading rather than of substantive law and hence not subject to the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

Defendant's motion for summary judgment is sustained, with costs assessed against plaintiff. Prepare an order accordingly.