No. 86-476

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

ROBERT C. ANDERSON and VIOLET C.
ANDERSON,

        Plaintiffs and Appellants,

   -vs-

TW CORPORATION, CANTEEN CORPORATION,
TWA SERVICES, INC., a/k/a TW SERVICES,
INC., HAL RITCHIE LAUREN MILES and
THEODORE R. WOOLSEY,

        Defendants and Respondents.

_____

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Berg, Coil, Stokes & Tollefsen; Michael Coil argued,
Bozeman, Montana

    For Respondent:

        Moulton, Bellingham, Longo & Mather; W. Anderson
Forsythe argued, Billings, Montana

_____

Submitted: June 9, 1987

Decided: August 4, 1987

Filed: AUG 4 - 1987

*Ethel M. Harrison*
_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellants, Robert C. Anderson and Violet C. Anderson, brought an action in the Sixth Judicial District, Park County, to recover damages resulting from an alleged "constructive" discharge of Robert C. Anderson and other related torts arising from violations of good faith and fair dealing by his employer. Violet C. Anderson alleges negligent and intentional infliction of emotional distress arising from her husband's charges against respondents.

On January 24, 1984, at a hearing before the District Court, several pending motions were decided, including motions by both parties for summary judgment. At that hearing, the judge dismissed appellants' case, holding that it was preempted by federal labor law according to Allis-Chalmers v. Lueck (1985), 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206.

The issues presented for our review on appeal are as follows:

1. Are appellants' tort claims preempted by the National Labor Relations Act, thereby denying the State District Court subject matter jurisdiction?

2. Does the District Court dismissal deny appellants due process of law and equal protection as guaranteed by the Montana Constitution?

3. Did the District Court err by dismissing the claims of appellant, Violet C. Anderson?

4. Did the District Court err by denying appellants' motion for partial summary judgment on the question of vacation pay?

We affirm the District Court on all issues.

Appellant, Robert C. Anderson, was employed by TW Services, a concessionaire in Yellowstone National Park. In 1970, appellant began work as a mechanic in the company's garage located near Gardiner, Montana, just inside the Park boundary. From May of 1971 through July 1, 1982, appellant was the shop foreman at this facility. TW Services operates a fleet of cars, buses, trucks, snowmobiles, boats and snow cats in Yellowstone. These vehicles are maintained and repaired by the mechanics at the Gardiner garage.

On June 4, 1982, appellant removed a number of rags which had been used to clean up a 55 gallon drum spillage of a degreaser called Tensene. Anderson developed contact dermatitis (skin allergy), and was forced to go on sick leave. Appellant is allergic to all petroleum-based products. In July, 1982, appellant was advised by his doctor to avoid contact with all such petroleum-based substances.

Anderson alleges that while off work on sick leave, the management improperly changed his job description. He claims that the new position required him to spend 75% of his time acting as a mechanic and 25% of his time as a supervisor. Due to this job description, he was required to come in contact with numerous petroleum-based products which caused the reoccurrence of his allergic reaction and made him unable to return to his prior employment.

As an employee of TW Services, Anderson was a member of the International Association of Machinists and Aerospace Workers (Union). As a member of this Union, the terms and conditions of Anderson's employment were governed by a collective bargaining agreement (CBA) outlined in the Union contract.

On Anderson's behalf, the Union objected to the job description of "working shop foreman" and proceeded with the

3

grievance procedure provided for in the Union agreement. This resulted in a mutual agreement that Anderson would be returned to the position which he held at the time of his accident with no changes in wages or working conditions as per contract, which were in effect at the time of injury. The agreement required that Anderson obtain a physician's release and be able to perform the duties associated with "working shop foreman." Anderson continued to object to the job description but alleges that the Union refused to proceed any further with his claim.

After leaving work, appellant returned to the garage to retrieve his personal files containing documents important for his personal use. Appellant contends that these files were destroyed, but the record does not show any evidence of intentional destruction of his files.

Appellant's wife, Violet C. Anderson, filed a complaint against the same defendants alleging that both she and her husband had suffered great emotional distress and mental anguish due to defendant's intentional negligent acts.

Before dismissal of appellants claims, defendants payed Robert Anderson money owed him for unused vacation time. This unpaid money was the subject of appellants' count 9 of the original complaint. Appellants requested partial summary judgment on this issue after the money was paid. The District Court denied the motion and dismissed both appellants' claims.

### Issue #1

Are the appellants' tort claims preempted by the NLRA, thereby denying the State District Court jurisdiction?

The District Court relied upon <u>Allis-Chalmers</u> in holding that plaintiffs-appellants' claims were preempted by federal labor law. We agree that <u>Allis-Chalmers</u> is controlling in this case. See also Smith v. Montana Power

4

Company (Mont. 1987), 731 P.2d 924, 44 St.Rep. 124, a case where we considered the rule in the Allis-Chalmers case and reached the same conclusion as the District Court did here.

The federal law which preempts appellants' claims is § 301 of the Labor Management Relations Act of 1947 (LMRA), 61 Stat. 156, 29 U.S.C. § 185(a). Section 301 states in part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . .

The preemptive effect of § 301 was first stated in Teamsters v. Lucas Flour Co. (1962), 369 U.S. 95, 103, 82 S.Ct. 571, 7 L.Ed.2d 593. The United States Supreme Court in Lucas Flour concluded that "in enacting § 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules." 369 U.S. at 104.

In Allis-Chalmers, the United States Supreme Court applied the Lucas Flour analysis to hold that plaintiffs may not avoid the preemptive effect of federal labor law when a dispute involves an interpretation of a union contract by pleading in tort.

> Since nearly any alleged willful breach of contract can be restated as a tort claim for breach of a good-faith obligation under a contract, the arbitrator's role in every case could be bypassed easily if § 301 is not understood to pre-empt such claims. Claims involving vacation or overtime pay, work assignment, unfair discharge--in short, the whole range of disputes traditionally resolved through arbitration--could be brought in the first instance in state court by a complaint in tort rather than in contract. A rule that permitted an

5

> individual to sidestep available griev-
> ance procedures would cause arbitration
> to lose most of its effectiveness,
> Republic Steel Corp. v. Maddox, 379 U.S.
> 650, 653 (1965), as well as eviscerate a
> central tenet of federal labor-contract
> law under § 301 that it is the arbitra-
> tor, not the court, who has the respon-
> sibility to interpret the labor contract
> in the first instance.

471 U.S. at 219-220.

Although Montana does have statutory laws which co-incide and seem to overlap the federal labor laws, "[a] state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." Id. at 210.

> Were state law allowed to determine the
> meaning intended by the parties in
> adopting a particular contract phrase or
> term, all the evils addressed in
> Lucas Flour would recur. The parties
> would be uncertain as to what they were
> binding themselves to when they agreed
> to create a right to collect benefits
> under certain circumstances. As a
> result, it would be more difficult to
> reach agreement, and disputes as to the
> nature of the agreement would prolifer-
> ate. Exclusion of such claims "from the
> ambit of § 301 would stultify the con-
> gressional policy of having the adminis-
> tration of collective bargaining
> contracts accomplished under a uniform
> body of federal substantive law." Smith
> v. Evening News Assn., 371 U.S. 195, 200
> (1962).

Id. at 211.

In Smith v. MPC, this Court considered a wrongful discharge allegation in violation of the covenant of good faith and fair dealing. This Court found that because his employment was governed by a collective bargaining agreement,

6

which included a mandatory and binding arbitration and grievance procedure, Smith's state law claim was preempted by federal labor law.

The Union contract at issue specifically provides for a discharge dispute. The grievance procedure also provides for arbitration which is final and binding on the parties.

Robert Anderson failed to exhaust the grievance procedure outlined in his employment contract. There is nothing on the record that shows defendants acted in any way to interfere with the arbitration process. Regardless of fault for failing to exhaust the collective bargaining agreement remedies, the issue of preemption by federal labor law is separate from the issue of whether the plaintiff has exhausted his grievance procedure remedies.

> The full scope of the pre-emptive effect of federal labor-contract law remains to be fleshed out on a case-by-case basis. We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, see Avco Corp. v. Aero Lodge 735, 390 U.S. 557 (1968), or dismissed as pre-empted by federal labor-contract law. This complaint should have been dismissed for failure to make use of the grievance procedure established in the collective-bargaining agreement, Republic Steel Corp. v. Maddox, 379 U.S. at 652, or dismissed as pre-empted by § 301.

Allis-Chalmers, 471 U.S. at 220-221.

We affirm the District Court on issue no. 1.

## Issue #2

Does the District Court's dismissal deny appellants due process of law and equal protection as guaranteed by the Montana Constitution?

Appellants' assertions of due process and equal protection violation are without merit. If federal law did not preempt appellants' causes of action, they would be free to proceed in state court. If their causes of action are preempted, their rights under the Montana Constitution would not apply because of the United States Constitution's supremacy clause, Art. VI, § 2, and Congress's power to preempt any state law. In that case, federal laws under the United States Constitution would provide appellants due process and equal protection.

We affirm the District Court on this issue.

### Issue #3

Did the District Court err by dismissing the claims of Violet C. Anderson?

The District Court was correct in dismissing Violet Anderson's cause of action. Her claim for the loss of consortium and consequential intentional infliction of emotional distress is inextricably intertwined with the federal interpretation of her husband's employment contract. In Montana, one who has a proper tort action for negligence resulting in injury to himself may claim, as a damage, emotional distress. Johnson v. Super Save Markets, Inc. (Mont. 1984), 686 P.2d 209, 41 St.Rep. 1495.

Montana case law has established that a cause of action for emotional distress to a third party can arise when a close relative witnesses a death or physical injury to the victim of a tort. See Versland v. Caron Transport (Mont. 1983), 671 P.2d 583, 40 St.Rep. 1681.

Violet Anderson has not alleged that she was a victim of a tort, but rather that she is entitled to compensation

8

for loss of consortium and mental suffering which resulted from her husband being a victim of a tort.

We affirm the District Court's dismissal of Violet Anderson's claim.

### Issue #4

Did the District Court err by denying appellants' motion for partial summary judgment on the issue of vacation pay?

Appellants claim that since respondent paid Robert Anderson past due vacation pay during the discovery period for this case, the employer thereby acquiesced to the charges against the company. According to appellants, summary judgment on this issue should have been granted, along with attorney fees and costs because the amount was not paid in a timely fashion. Appellants cite §§ 39-3-201(5), 39-3-205(1)(2), 39-3-206, and 39-3-214, MCA, in support of their allegations. They claim that the issue of vacation pay is not preempted by federal labor law, as it is a right protected by these state laws.

As previously discussed, Allis-Chalmers specifically lists vacation pay as one of those items preempted by the operation of federal labor law. Also, vacation pay was grievable under Anderson's collective bargaining agreement and covered by federal labor law interpretation. For this Court to find that state law applies to this issue would render the binding grievance and arbitration procedure ineffectual and frustrate the uniform federal interpretation outlined in Allis-Chalmers.

Affirmed.

_____
Justice

We Concur:

9

_____
                    Chief Justice

_____

_____

_____

_____
                    Justices

_____
Former Chief Justice
Frank I. Haswell sitting
for Justice John C. Sheehy