DA 08-0358

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 108N

MIKE JOHNSON,

> Plaintiff and Appellant,

v.

COLUMBIA FALLS ALUMINUM COMPANY LLC,

> Defendant and Appellee.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-07-461C
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> John M. Wagner; Wagner Law Firm, Whitefish, Montana

> For Appellee:

> Angela Jacobs, Bryce R. Floch; Hammer, Hewitt, Jacobs & Floch,
> PLLC, Kalispell, Montana

Submitted on Briefs: February 25, 2009

Decided: March 31, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Columbia Falls Aluminum Company, LLC (CFAC) terminated Mike Johnson (Johnson) after he neglected to inform CFAC that he was using medical marijuana, failed a drug test, and declined to sign a "last chance" agreement. Johnson was a union employee and his employment with CFAC was governed by a written collective bargaining agreement. In accordance with the collective bargaining agreement, CFAC instituted a Drug and Alcohol Testing Policy (Drug Testing Policy) providing that an employee would be subject to discipline, including termination, for testing positive for certain controlled substances, including marijuana. As a result of work injuries, Johnson began treating his pain with medical marijuana under the supervision of a Montana-licensed physician for about a year and a half before his termination. Johnson used personal funds to purchase medical marijuana and limited his treatments to after work hours. Johnson received no adverse job performance evaluations during the time he treated his condition with medical marijuana. On July 6, 2006, Johnson reported to CFAC his concern about a recent medication change, in accordance with the Drug Testing Policy. Although Johnson did not disclose his use of medical marijuana at the time, a fitness for duty evaluation reported he tested positive for

2

marijuana. CFAC suspended Johnson on July 28, 2006. On August 28, 2006, CFAC submitted a letter of agreement to Johnson outlining the conditions upon which he could return to work, in particular that he test non-positive for marijuana. Johnson never signed the "last chance" agreement. CFAC terminated Johnson on September 14, 2006, pursuant to the collective bargaining agreement and Drug Testing Policy.

¶3 This appeal arrives at this Court through a tangled procedural path. On June 29, 2007, Johnson filed a complaint asserting violations of the Wrongful Discharge from Employment Act (WDEA) (§ 39-2-904(1), MCA), the Workers' Compensation Act (§§ 39-71-101 through -4004, MCA), the Blacklisting and Protection of Discharged Employees Act (§§ 39-2-801 through -804, MCA), the Americans with Disabilities Act (ADA) (42 U.S.C. §§ 12101 through 12213), and the Montana Human Rights Act (MHRA) (§§ 49-2-101 through -602, MCA). On September 13, 2007, CFAC moved for partial summary judgment, arguing Johnson could not seek relief under the WDEA because his employment was covered by a collective bargaining agreement. Johnson responded with a motion to amend his complaint, seeking to withdraw his WDEA and Blacklisting and Protection of Discharged Employees Act claims, and assert negligence and negligence per se claims based upon Montana's Medical Marijuana Act (MMA) (§§ 50-46-101 through -210, MCA). CFAC objected to Johnson's motion to amend and moved to dismiss on November 19, 2007. CFAC argued that the District Court lacked subject matter jurisdiction over Johnson's claims because such claims were preempted by § 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185(a)). In response, Johnson withdrew his motion to amend his complaint and moved for leave to file a second amended complaint, including claims for negligence,

3

negligence per se, breach of the collective bargaining agreement, negligent breach of the collective bargaining agreement, and violation of the constitutional right to privacy. On April 21, 2008, the District Court granted CFAC's motion to dismiss and denied Johnson's motion to amend, reasoning that Johnson's claims were either federally preempted by the LMRA or failed to state a claim upon which relief could be granted. The District Court concluded that amending the complaint would be futile and dismissed Johnson's remaining claims on these grounds. On May 15, 2008, Johnson moved to alter or amend the District Court's judgment, claiming that the court erred by dismissing his ADA and MHRA claims on the basis that Johnson had not exhausted his administrative remedies. Johnson argued that he had properly exhausted his administrative remedies and provided a copy of the notice of dismissal and right to sue letter issued by the Montana Human Rights Bureau. The District Court denied Johnson's motion to alter or amend on July 2, 2008, concluding that although Johnson complied with the MHRA's administrative procedures, dismissal of his ADA and MHRA claims was still appropriate because they failed to state a claim upon which relief could be granted.

¶4 Johnson appeals, raising a combination of all claims he sought to present to the District Court. We affirm the District Court's conclusions that each of Johnson's claims were either legally insufficient or federally preempted.

¶5 Johnson's negligence and negligence per se claims rest upon the MMA. Sections 50-46-101 through -210, MCA. The MMA is essentially a "decriminalization" statute that protects qualifying patients, caregivers and physicians from criminal and civil penalties for using, assisting the use of, or recommending the use of medical marijuana. Section 50-46-

4

201, MCA. However, the MMA does not provide an employee with an express or implied private right of action against an employer. The MMA specifically provides that it cannot be construed to require employers "to accommodate the medical use of marijuana in any workplace." Section 50-46-205(2)(b), MCA.

¶6 Furthermore, Johnson's negligence and negligence per se claims are preempted by federal law. Section 301 of the LMRA grants federal district courts original jurisdiction over actions involving collective bargaining agreements. The statute provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). This Court has long recognized the preemptive effect of § 301 of the LMRA on state law tort claims. In *Anderson v. TW Corp.*, this Court noted that "'in enacting § 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules.'" 228 Mont. 1, 5, 741 P.2d 397, 399 (1987) (quoting *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104, 82 S. Ct. 571, 577 (1962)). A plaintiff may not "sidestep" the collective bargaining agreement by pleading in tort:

> "Since nearly any alleged willful breach of contract can be restated as a tort claim for breach of a good-faith obligation under a contract, the arbitrator's role in every case could be bypassed easily if § 301 is not understood to pre-empt such claims. Claims involving vacation or overtime pay, work assignment, unfair discharge—in short, the whole range of disputes traditionally resolved through arbitration—could be brought in the first instance in state court by a complaint in tort rather than in contract. A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness, *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965), as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is

5

the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance."

*Anderson*, 228 Mont. at 5, 741 P.2d at 399 (quoting *Allis-Chalmers v. Lueck*, 471 U.S. 202, 219-20, 105 S. Ct. 1904, 1915-16 (1985)).

¶7     A state law tort claim is not subject to § 301 preemption, however, if a state law or rule establishes rights and obligations independent of the collective bargaining agreement and the claim can be resolved without reference to the agreement. *Hanley v. Safeway Stores, Inc.*, 254 Mont. 379, 384-85, 838 P.2d 408, 411-12 (1992). Whether a claim is preempted by § 301 must be decided on the substantive independence of the state law tort claim from the collective bargaining agreement, not from the fact that counsel was able to draft the claim without reference to the agreement. *Hanley*, 254 Mont. at 385, 838 P.2d at 412. Johnson's negligence and negligence per se claims essentially assert that CFAC wrongfully terminated him because its application of the collective bargaining agreement and Drug Testing Policy conflicted with Johnson's rights under the MMA. However, resolution of Johnson's negligence and negligence per se claims requires that the terms of the collective bargaining agreement and Drug Testing Policy be interpreted and reconciled with the MMA. We agree with the District Court that the determination of whether Johnson's use of medical marijuana provided a basis for his termination requires only the interpretation of the collective bargaining agreement. There are no state rights to be considered. Interpretation of the collective bargaining agreement is preempted by the LMRA.

¶8     Similarly, Johnson's claims for breach of the collective bargaining agreement were preempted by § 301 of the LMRA. Johnson appears to argue his claims for breach of the

collective bargaining agreement are not preempted by § 301 of the LMRA because CFAC, not Johnson, violated terms of the agreement. This argument is without merit. We agree with the District Court that which party breached the collective bargaining agreement is immaterial to the preemption analysis since whether the collective bargaining agreement was breached is itself the issue preempted by the LMRA. Johnson's claims for breach of the collective bargaining agreement and for negligence based upon the collective bargaining agreement are predicated entirely on analysis of the terms of the collective bargaining agreement, and are thus preempted by the LMRA. Therefore, Montana courts lack subject matter jurisdiction over these claims.

¶9 Johnson's claim for violation of his constitutional right to privacy is legally insufficient. Johnson claims that CFAC violated his constitutional right to privacy by applying the provisions of the collective bargaining agreement and Drug Testing Policy that allowed CFAC to terminate employees who test positive for marijuana. It is well established that the privacy section of the Montana Constitution applies only to state action. *State v. Malkuch*, 2007 MT 60, ¶ 12, 336 Mont. 219, 154 P.3d 558. CFAC is not a state actor, and therefore CFAC's actions do not provide a cause of action for violation of Johnson's constitutional right to privacy.

¶10 Johnson's claim for violation of the Workers' Compensation Act was actually a reworking of a wrongful discharge claim, and therefore failed to state a claim upon which relief could be granted. M. R. Civ. P. 12(b)(6). Because Johnson's employment was covered by a collective bargaining agreement, the WDEA does not apply. Section 39-2-912(2), MCA.

7

¶11 Johnson's claims for violations of the MHRA and ADA also failed to state a claim upon which relief could be granted. Johnson essentially claimed that CFAC violated the ADA and MHRA when it failed to accommodate his medical marijuana use by waiving terms of its Drug Testing Policy allowing termination of employees who test positive for marijuana. However, the MMA clearly provides that an employer is not required to accommodate an employee's use of medical marijuana. Section 50-46-205(2)(b), MCA. While Johnson continues to assert his right to receive treatment in the form of medical marijuana, the issue here is whether CFAC had to accommodate medical marijuana use under the MHRA or the ADA. We agree with the District Court in concluding that a failure to accommodate use of medical marijuana does not violate the MHRA or the ADA since an employer is not required to accommodate an employee's use of medical marijuana.

¶12 In conclusion, we affirm the District Court's dismissal of Johnson's complaint for lack of subject matter jurisdiction and denial of Johnson's motion to alter or amend his complaint. All of Johnson's claims either raise issues covered by a collective bargaining agreement that are federally preempted by the LMRA or failed to state a claim upon which relief could be granted since the MMA does not provide an express or implied private cause of action against an employer.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issue is clearly controlled by settled Montana law or federal law binding upon the states.

¶14 Affirmed.

/S/ MIKE McGRATH

We concur:


/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS